ALLISON v. THE CHICAGO, BURLINGTON & QUINCY RAILWAY COMPANY, GARNISHEE, *et al.*

1. **Garnishment**: MISNOMER OF DEBTOR IN NOTICE : DISCHARGE OF GARNISHEE: RES ADJUDICATA. Defendant was garnished on execution against N. Y., but in the notice of garnishment the execution debtor was designated as ". N. Y. or N. S. Y." Defendant answered that it was indebted to N. S. Y., but not to N. Y., and on motion it was discharged as to N. S. Y., because he did not appear from the record to be the execution debtor. *Held* that this was not an adjudication that he was not in fact the execution debtor, when that issue was raised by further pleadings in the case.

2.  ———: CONFUSION IN NAMES : EXECUTION DEBTOR NOT SHOWN TO BE GARNISHEE'S CREDITOR.  N, Y. and N. S. Y., brothers, were both concerned in carrying on a work in which an indebtedness was incurred upon which plaintiff obtained a judgment against N. Y. alone, upon a due-bill signed by N. Y.  Upon execution issued on this judgment defendant was garnished, and answered that it was indebted to N. S. Y., but not to N. Y.  *Held* that, in order to render judgment against the garnishee on this answer, it was necessary for the plaintiff to show, not only that N. S. Y. was liable for the indebtedness on which the judgment was rendered, but also that he was a party to the suit ; in other words, that he was the person on whom the original notice was in fact served, and of whom the court acquired jurisdiction.

*Appeal from Union District Court.*—HON. R. C. HENRY, Judge.

FILED, DECEMBER 19, 1888.

PLAINTIFF seeks to subject money in the possession of the garnishee, which belongs to N. S. Young, to the payment of a judgment in favor of plaintiff and against N. Young.  From a judgment rendered in favor of plaintiff the garnishee and N. S. Young appeal.

*Newman & Blake,* for appellants.

*McDill & Sullivan,* for appellee.

ROBINSON, J.—On the seventeenth day of October, 1867, a judgment was rendered by the district court of Union county in favor of plaintiff, and against N. Young, for the sum of $464.82, and costs.  On the sixteenth day of July, 1887, the garnishee was served with notice of garnishment, entitled as in a case of Arthur Allison v. N. Young, or N. S. Young.  Subsequently the answer of the garnishee was taken in court.  It admitted owing to N. S. Young the sum of two thousand dollars, but denied knowledge of indebtedness to N. Young.  The cause was tried to a jury, and a verdict returned for plaintiff, on which judgment was rendered.

Allison v. The Chicago, B. & Q. Ry. Co.

I. After the original answer of the garnishee was taken, N. S. Young filed a motion to discharge the garnishee "on the answer made, and from further answer in said cause, so far as relates to N. S. Young," on the ground that he was never a defendant in the action, and no judgment was ever rendered against him or his property, and that the judgment was against N. Young alone, a wholly different person, and the name of N. S. Young was inserted in the notice of garnishment by mistake, accident, or fraud. On the submission of this motion the court found from the evidence as it appeared from the records and papers that N. S. Young was not a defendant in the judgment and execution, and that his name was inserted in the garnishee's notice without authority of record. It therefore sustained the motion, and discharged the garnishee as to the claim against N. S. Young, and further ordered "issues to be made up within next week, and cause continued." Three days later the plaintiff filed a pleading, in which he alleged that the money held by the garnishee was in fact due to N. Young; that N. Young was the identical person who now claims to be N. S. Young; that the indebtedness on which the judgment in controversy was rendered was incurrred by N. S. Young, who then bore the name of N. Young. Judgment requiring the garnishee to pay from the funds in its possession the amount due on the judgment of plaintiff was asked. Thereafter the garnishee filed its amended answer, in which it denied that it was in any manner indebted to N. Young, but admitted its indebtedness to N. S. Young, who, it charged, was a different person from N. Young. On the same day, to-wit, November 29, 1887, N. S. Young filed a pleading in which he alleged that the liability of the garnishee, so far as it related to him, was adjudicated in the order sustaining his motion to dismiss the garnishee. A demurrer to this pleading was sustained on the sixth day of December, and three days later N. S. Young filed a pleading as follows: "Denies that he ever was in any

<div style="margin-left:0">
1. GARNISH-<br>
ment:<br>
misnomer of<br>
debtor in<br>
notice:<br>
discharge of<br>
garnishee:<br>
res adjudi-<br>
cata.
</div>

manner indebted to the plaintiff on the indebtedness set out in the original suit against N. Young; nor was he ever sued as defendant in said cause ; nor was any judgment ever rendered against him, or execution issued against him or his property in said cause. Avers that said suit, judgment and execution were against N. Young, who is a different and independent person, and the only person sued, and against whom judgment was rendered in said cause. " To this pleading the plaintiff filed a general denial.

It is insisted by appellants that the ruling on the motion of N. S. Young to dismiss the garnishee as to him was an adjudication of the liability of the garnishee, final in its nature and effect, and that the court erred in its ruling on the demurrer of plaintiff. We do not think the record sustains these claims. The plaintiff had caused to be inserted in the notice to the garnishee the name of N. S. Young as a defendant. That name had not previously appeared in the record, and the motion was based upon that fact. The court, in effect, held that the record did not justify the insertion of the name. But the questions of N. Young and N. S. Young being but one person, and the incurring of the indebtedness in question by N. S. Young in the name of N. Young, and his use of that name as his own, were not raised by the motion, nor considered as adjudicated by the parties. After the ruling on the demurrer was made, N. S. Young filed an answer, in which he put these and other questions in issue. It is evident that the issues raised by this answer cannot be held to have been adjudicated by the ruling on the motion.

II. It appears that in the spring of 1867 the person now known as N. S. Young entered into a contract to do grading for a railway then in process of construction through Union county. It is claimed on the part of plaintiff that N. S. Young entered upon the execution of this contract, and personally superintended the work, and contracted the indebtedness upon which the judgment in controversy was rendered. It is claimed

2. ——: confusion in names: execution debtor not shown to be garnishee's creditor.

by N. S. Young that, although he entered into a grading contract as claimed, yet that he immediately assigned the contract to his brother, N. Young, who alone superintended the work, and incurred obligations in regard to it. The contract was not completed, the person in charge leaving it after having trouble with his employes on account of his failure to pay them. It is shown that both brothers were named "Nicholas Young," for the reason, as stated by a witness, that "both their godfathers were named Nicholas, and they both received that name after the German custom of giving a male child, at baptism, the name of its godfather." It is claimed that as early as the year 1860 the younger of the two brothers, in order to avoid confusion in mail matters, accounts, and for other reasons, inserted the initial S. in his name, and that he has since been known as N. S. Young. It appears that he signed the contract for grading in that name, and that he was at that time using it habitually in his business. The evidence in regard to the brother who actually superintended the work done under the contract, and who incurred the indebtedness in question, was conflicting, and much of it irreconcilable; but we do not find it necessary to determine any of the questions presented in regard to it. The answer of N. S. Young denied that he was ever sued as defendant, and denied that any judgment was ever rendered against him. If the claim of plaintiff that N. S. Young incurred the indebtedness in question personally, and in the name of N. Young, be true, yet it also appears that there was another person of the same name, who was concerned in the work, and who was present, at least, a portion of the time, while it was being done. Whatever the fact in regard to N. S. Young may be, we are satisfied that his brother, N. Young, was present while the work was being done, and that he contracted some of the obligations which grew out of it. This being true, under the issues raised by the pleadings, it was necessary for plaintiff to prove, not only that N. S. Young was liable for the indebtedness on account of which the judgment was rendered,

but, also that he was a party to the suit. This he has failed to do. It is claimed by appellee that no issue was tendered as to the judgment having been obtained without notice, but we think this claim is without support in the record. The answer of N. S. Young denied that he was ever sued as defendant in this cause, and denied that any judgment was ever rendered against him. The question of the suit having been brought against him, and, necessarily, the question of his having been served with such notice as to give the court the necessary jurisdiction, were raised by the answer. The record of the case only showed that N. Young had been served with notice. If there were two of that name, it was necessary to show that the one known as N. S. Young was the one of whom the court acquired jurisdiction, and the record does not show that to have been the case. It is claimed by the appellee that an attorney for the appellants stated during the trial that the only issue in the case was as to whether N. S. Young is the N. Young who signed the due-bill on which the judgment in question was rendered. It is true that an attorney for the appellants stated that it seemed to him that such was the fact; but it does not appear that the statement was intended as an admission, nor that it misled the plaintiff. It was merely an expression of opinion which counsel for appellee now insists was correct. The conclusion we have reached in regard to the evidence makes it unnecessary to consider further the questions presented for our determination. For the error indicated the judgment of the district court is

REVERSED.