## MOODY v. TAYLOR.

1. ORIGINAL NOTICE. An original notice should state both the amount of plaintiff's demand, and the nature of his cause of action.

*Appeal from Webster District Court.*

MONDAY, JUNE 10.

THE facts are stated in the opinion of the court.

*James M. Ellwood* for the appellant, contended that the notice was insufficient, and that the motion to quash the same should have been sustained, citing *Harkins* v. *Edwards & Turner,* 1 Iowa 296; *Davis* v. *Burt, et al.* 7 Iowa 56; *Stone* v. *Murphy,* 2 Ib. 35.

*Stephen Sibley* for the appellee.

LOWE, C. J.—This suit is brought to recover a sum claimed upon a promissory note, calling for one hundred and thirty-eight dollars. The notice served upon the defendant at the institution of this suit, was as follows:

*To Abner Taylor,*

SIR: You are hereby notified that there is now on file in the office of the clerk of the District Court

in the county of Webster, in the State of Iowa, a petition of B. F. Moody, claiming of you one hundred and thirty-eight dollars, and the interest on that amount from the 25th day of August, A. D. 1859; and that unless you appear and answer thereto, on or before the second day of the next term of said court, which will be on the 23d day of April, 1860, judgment will be rendered against you thereon.

WOOLSEY WELLS,<br>Attorney for plaintiff.

Webster County, Iowa, March 15th, 1860."

The service of the notice was regular, but a special appearance and motion was made to quash the same as insufficient, in not advising the defendant of the nature of the claim against him, nor upon what the said action is founded. This motion was overruled, and on an appeal to this court said ruling is assigned for error.

Section 1715 of the Code of 1851, not only requires that the notice shall inform the defendant of the name of the plaintiff, and that on or before a certain day therein named, a petition will be filed in the office of the clerk, &c., but that it shall also briefly state the substance of the remedy sought, &c. This necessarily implies the nature or subject of the action, as whether it is founded upon a note, an open account, for trespass, for slander, or for the recovery of real estate, &c. The above notice simply states the amount of the plaintiff's claim, without intimating its origin, whether it arose out of a contract or a tort, and in this it fails to meet the requirements of the Code. This motion should have prevailed, and the cause should have been continued for the service of a legal notice.

Reversed.