CITIZENS BANK OF PLEASANTVILLE, Appellee, v. HOWARD TAYLOR, Appellant.

**ORIGINAL NOTICE: Unsigned Notice.** An unsigned original notice is a nullity. (See Book of Anno., Vol. 1, Section 11012, Anno. 12 *et seq.*; Sec. 11055, Anno. 70.)

**LIMITATION OF ACTIONS: Bills and Notes—Demand Note.** A promissory note due on demand is barred after ten years from the date thereof.

Headnote 1: 37 C. J. p. 1062; 32 Cyc. p. 441. Headnote 2: 8 C. J. p. 406; 37 C. J. p. 845.

*Appeal from Polk District Court.*—JOSEPH E. MEYER, Judge.

MARCH 9, 1926.

ACTION on a promissory note. Judgment for the plaintiff, and the defendant appeals.—*Reversed.*

*R. L. Parrish* and *M. L. Beckwith,* for appellant.

No appearance for appellee.

Faville, J.—Suit is brought upon the following written instrument:

"February 9, 1914, Pleasantville, Iowa.
"I, Howard Taylor, do promise to pay to the order of A. W. Taylor, on demand, the sum of two dollars per week for seven years for board and keeping and care of my two oldest sons, Ernest and Everett Taylor. This note is to draw legal interest until it is paid. For value received.

"[Signed] Howard Taylor."

On the back of said note is the following indorsement:

"Pleasantville, Iowa, Oct. 26, 1923.
"I hereby assign all my right and interest in the within note to the Citizens Bank, Pleasantville, Iowa. Proceeds from said note to be applied on my indebtedness to the bank.

"[Signed] A. W. Taylor."

On January 28, 1924, appellee placed in the hands of the sheriff of Polk County an alleged original notice which was served on appellant on said date. Said original notice was unsigned. Appellant entered a special appearance in said case, attacking the jurisdiction of the court on account of the defective notice. Appellee abandoned said notice, and on March 15, 1924, placed a new original notice in the hands of the sheriff, which was in proper form, and which was served on March 19, 1924. Appellant demurred to appellee's petition, which contained a copy of said note, on the ground that the action was barred by the statute of limitations. The demurrer was overruled. The question was again raised in appellant's answer and in the motion for a directed verdict.

I. Our first inquiry is whether the note in suit is barred by the statute of limitations. A construction of the written instrument is aided by the evidence in the case and by the conduct of the parties. The instrument by its terms is made payable "on demand." The provision with regard to the amount to be paid, being "the sum of $2.00 per week for seven years for board and keeping and care of my two oldest sons, Ernest and Everett Taylor," it appears had reference to a time which anteceded

1. ORIGINAL NO-
TIOE: unsigned
notice.

the making of the note, and not to some time in the future. It appears from the evidence that the board and keeping had all been furnished at the time the note was given. On or about March 4, 1914, the payee in said note made demand upon the maker for payment thereof. The purported original notice which was placed in the hands of the sheriff on January 28, 1924, was fatally defective, in not being signed by any person, and did not operate to toll the statute of limitations. *Phinney v. Donahue,* 67 Iowa 192; *Jones & Magee Lbr. Co. v. Bogg,* 63 Iowa 589; *Doerr v. Southwestern Mut. L. Assn.,* 92 Iowa 39; *Hoitt v. Skinner,* 99 Iowa 360.

The note in suit is payable "on demand." The amount to be paid is ascertainable from the terms of the written instrument. It is the sum of $2.00 a week for seven years, or $728,

2. LIMITATION OF ACTIONS: bills and notes: demand note. with interest thereon at the legal rate in this state. It is the established rule in this state that a note payable on demand is payable upon the date of its execution, and is barred by the statute of limitations in ten years from said date. *Hall v. Letts,* 21 Iowa 596; *Mereness v. First Nat. Bank,* 112 Iowa 11. Therefore, the note in suit became barred on February 9, 1924.

Under our statute, Section 11012, Code of 1924, the placing of an original notice in the hands of the sheriff with the intention that the same shall be served immediately prevents the running of the statute of limitations; but a paper even designated as an original notice, when placed in the hands of the sheriff, which is fatally defective as an original notice, cannot have the effect to toll the statute. Therefore, the action was not commenced by the service of the original notice until more than ten years after the said note came due. The defense of the statute of limitations was properly presented in behalf of appellant in said cause, and the court erred in not sustaining the demurrer to the petition, or in not directing a verdict in behalf of appellant at the close of all of the testimony. The case is ruled by the cited authorities, to which may be added the following: *Wheeler v. Warner,* 47 N. Y. 519; *Palmer v. Palmer,* 36 Mich. 487; *Fenno v. Gay,* 146 Mass. 118 (15 N. E. 87); *Kraft v. Thomas,* 123 Ind. 513 (24 N. E. 346); *Curran v. Witter,* 68 Wis. 16 (31 N. W. 705); *Cousins v. Partridge,* 79 Cal. 224 (21

Pac. 745) ; *Darling v. Wooster,* 9 Ohio St. 517 ; *Hitchings v. Edmands,* 132 Mass. 338 ; *Shuman v. Citizens St. Bank,* 27 N. D. 599 (147 N. W. 388) ; *Barry v. Minahan,* 127 Wis. 570 (107 N. W. 488) ; *Ware v. Hewey,* 57 Me. 391 (99 Am. Dec. 780) ; *Brummagim v. Tallant,* 29 Cal. 503 ; *Hill v. Henry,* 17 Ohio 9 ; *Kingsbury v. Butler,* 4 Vt. 458.

The judgment appealed from is—*Reversed.*

DE GRAFF, C. J., and STEVENS and VERMILION, JJ., concur.