J. V. RHODES, Appellee, v. C. M. OXLEY et al., Appellants.

No. 40634.

APRIL 10, 1931.

REHEARING DENIED JUNE 20, 1931.

Douglass & Douglass, for appellant.

Ray P. Scott, for appellee.

EVANS, J.—On August 27, 1929, the plaintiff caused to be served upon the defendant, by leaving copy of notice with his wife at his place of residence, a purported original notice of which the following is a copy:

"Original Notice
"To C. M. Oxley and John W. Patterson
"You are hereby notified, That on or before the 31 day of August A.D. 1929 *there* - - - - - *filed* in the office of the Clerk of the District Court of the State of Iowa, within and for *the*

*Story of Marshall,* the petition of J. V. Rhodes claiming of you Judgment in the sum of Eight Hundred and Fifty-eight Dollars and Fifty-six cents ($858.56) with interest at eight percent (8%) from and after August 22nd, 1929, together with costs, including statutory attorney's fees.

"All on promissory note given by C. M. Oxley to John W. Patterson and assigned to plaintiff—the note being dated October 19, 1917, in the principal sum of Seven Hundred and Sixty (760.00).

"For further information see Petition to be filed as aforesaid.

"Now, unless you appear and make defence thereto, at or before noon of the second day of the next September term of *said Court,* to be begun and held at Nevada, Iowa, on the 16th day of September A.D. 1929, your default will be entered and a judgment rendered thereon as prayed for in said petition.

"Dated this 13th day of August A.D. 1929.

"J. V. Rhodes,
Plaintiff.
"Ray P. Scott,
Attorney."

The instrument thus served carried the title or caption:

"Original Notice
District Court
Marshall County"

This caption appeared upon the notice when folded in ordinary form.

Section 11055 of the present Code is as follows:

"11055. *Original notice.* Action in a court of record shall be commenced by serving the defendant with a notice, signed by the plaintiff or his attorney, informing him of the name of the plaintiff, that a petition is, or on or before the date named therein will be, filed in the office of the clerk of the court wherein action is brought, naming it, and stating in general terms the cause or causes thereof, and if it is for money, the amount thereof, and that unless he appears thereto and defends before noon of the second day of the term at which defendant is required to appear, naming it, his default will be entered and judgment or decree rendered against him thereon."

The question presented is whether the foregoing notice is so defective in form and so wanting in compliance with the requirements of the statute as to be wholly nugatory. It is not enough for the complaining defendant to show such a degree of defectiveness as would have entitled him to a continuance or to a setting aside of the default upon timely application for the purpose of interposing defense. That is to say the question is not whether the notice is *defective,* but whether it is so defective as to be utterly void. We have many cases dealing with the defects of original notices and have adopted a rule of considerable liberality in sustaining the jurisdiction of the court notwithstanding many defects in the original notice. Needless that we enumerate herein such cases. We have none that, as a precedent, is decisive of this case.

Referring to the statute, three particular requisites may be noted: (1) the notice must inform the defendant "that a petition *is,* or on or before the date named therein *will be* filed"; (2) that the court in which the petition is or will be filed shall be *named*; (3) that the term at which defendant is required to appear, shall be *named.* It will be noted that none of the foregoing requisites were complied with unless it be by inference. The petition was actually filed in the district court for Story County. There is no direct statement in the original notice so advising the defendant. He was notified to appear at the "September term of *said court*". The words "said court" purport to relate to an antecedent for their meaning. But there was no antecedent which named the court. The notice did not state that a petition *is filed.* Nor did it state that it *will be* filed. It did notify the defendant to appear at Nevada, Iowa. This part of the notice carried an inference that the district court of Story County was the place of appearance. In such a case the defendant might naturally guess, and perhaps fully believe, that it was the jurisdiction of that court that was being asserted upon him. The question is how far may the specific requirements of the statute be condoned and the burden put upon the defendant to exercise his powers of deduction. Suppose for instance that this plaintiff had made one further mistake, if such, and had actually filed his petition in the district court of Marshall County. Might not the plaintiff with equal plausibility contend that the notice contained sufficient reference to Marshall

County to put the defendant upon his inquiry and thereby to discover the filing place of the petition? In short the notice might be deemed sufficient to advise the defendant that the asserted jurisdiction was either in Story County or in Marshall County and yet fail to advise him with certainty which one. Notwithstanding our liberality of construction in support of the jurisdiction of the court, there must be a limit to the privilege of error. The specific requisites of the statute are not to be wholly ignored. The statute provides for a certain degree of formality as requisite to confer jurisdiction. For instance an original notice must be in writing. Oral notice, however emphatic or frequent, will confer no jurisdiction. If the writing is essential to the jurisdictional power of the notice, then it would seem equally as essential that the statutory requisites should be incorporated in such writing. We are of opinion that the defects in this notice cut so deeply as to destroy its essential character as a statutory notice and that for such reason it should be deemed not simply defective, but wholly void.

The motion therefore should have been sustained.—Reversed.

STEVENS, ALBERT, MORLING, WAGNER, and GRIMM, JJ., concur.

KINDIG, J., and FAVILLE, C. J., dissent.

KINDIG, J. (dissenting)—It occurs to me that the original notice under consideration is not more defective than many other notices sustained by this court.

The following of our cases are sufficiently illustrative: Lyon v. Byington, 10 Iowa 124, involved an omission of the name of the State; Fanning v. Krapfl, 68 Iowa 244, involved a discrepancy in the name of the defendant; a like discrepancy was involved in Mallory v. Riggs, 76 Iowa 748; Allison v. C. B. & Q. R. Co., 76 Iowa 209; Schee v. LaGrange, 78 Iowa 101; Lindsey v. Delano, 78 Iowa 350; Davis v. Burt, 7 Iowa (Clarke), 56; McDonnell v. Winthrop State Bank, 179 Iowa 551. In Elliott v. Corbin, 4 Iowa (Clarke), 564, a notice claiming of the defendant the "sum of —— dollars", was held not void; in Moody v. Taylor, 12 Iowa 71, a similar notice was held void.

In Cummings v. Landes, 140 Iowa 80, a notice failing to state time and place of appearance was held void. A like hold-

ing was made in Kitsmiller v. Kitchen, 24 Iowa 163; and likewise in Decatur County v. Clements, 18 Iowa 536. In Knapp, Stout & Co. v. Haight, 23 Iowa 75, the notice was held sufficient, which required the defendant to appear in answer "on or before noon of the 15th day" of a specified month,—such day being in fact the second day of the term.

In the long list of our cases involving defects in the original notice, a holding adverse to the sufficiency of such notice is rather exceptional. There is something to be said in condemnation of the negligent practice which results in defective notices. On the other hand great injury and practical injustice could result to innocent clients by too literal an interpretation of the statute. It is plain that some indulgence to the human frailties of the profession is in the interest of larger justice to innocent clients. Nor does such indulgence need to work practical injustice to any one.

I would affirm.

FAVILLE, C. J., joins in this dissent.