L. V. FARLEY, Petitioner, v. H. H. CARTER, Judge, and PAUL JENKS, Respondent.

No. 43493.

SEPTEMBER 29, 1936.

O. M. Slaymaker, R. E. Killmar and D. D. Slaymaker, for petitioner.

Isador Robinson, for respondent.

KINTZINGER, J.—An action entitled Paul Jenks, plaintiff, v. L. V. Farley, defendant, was commenced in the District Court of Clarke County, for the November Term, 1935. The original notice therein was served upon the defendant by Isador Robinson, the attorney for plaintiff. Defendant in that action, who is the petitioner here, filed a special appearance attacking the jurisdiction of the lower court on two grounds:

First, that the original notice is insufficient to give jurisdiction because it fails to state "in general terms the nature of plaintiff's cause of action," as required by section 11055 of the Code of 1935, and

Second, because the original notice was served by the attorney for the plaintiff, who, as such, should be regarded as "a party to the action," and, as such, is not permitted to serve the notice under section 11058 of the Code of 1935.

The lower court sustained the jurisdiction and the defendant therein, who, as petitioner here, brings this action in certiorari testing the jurisdiction of the lower court.

I. The petitioner herein contends that the lower court had no jurisdiction, because the original notice served in that action did not state "in general terms the nature of the plaintiff's cause" of action, as required by section 11055 of the Code of 1935.

The following is the material part of the original notice in that action:

"You are hereby notified that on or before the 8th day of November, 1935, the petition of the plaintiff * * * will be filed in the office of the Clerk of the District Court * * * *claiming of* *you the sum of $1214.68 and interest at 6% * * * from October 24, 1930, payable to this plaintiff* in the foregoing sum and the debt represented thereby. For further particulars, see petition when filed.

"And unless you appear thereto, etc. * * * default will be entered against you and judgment entered accordingly.

"Dated at Osceola, Iowa, this 24th day of October, 1935.

ISADOR ROBINSON, Attorney for Plaintiff.

RETURN OF SERVICE.

"Served personally on L. V. Farley, defendant, in Clarke County, Iowa, by Isador Robinson, attorney for plaintiff."

Among the specifications required of an original notice by section 11055 of the Code are,

(1) That it be "signed by the plaintiff or his attorney".

(2) That it inform the defendant "that a *petition* is, or on or before the date named therein will be, filed in the office of the clerk of the district court, etc."

(3) *That the original notice state "in general terms the cause or causes thereof, and if it is for money, the amount thereof,"* and

(4) "That unless he appears * * * and defends before noon of the second day of the term, * * * judgment will be rendered against him."

It is contended that the requisite of the third specification above mentioned was not complied with. Each of the foregoing specifications is of equal rank and is by statute required to be included in the notice. It will be noted that one of the specific

requisites of the statute is that the original notice *state "in general terms the cause or causes thereof,* and if it is for money, the amount thereof."

The petitioner contends that the notice served *fails to state in "general terms the cause"* of *action sued on.* The only statement made in the original notice with reference to the cause of action sued on is the following:

"You are hereby notified that * * * the petition * * * will be filed * * *, claiming of you the sum of $1214.68 and interest * * *, payable to this plaintiff in the foregoing sum and the debt represented thereby. For further particulars, see petition when filed."

Is this a sufficient statement, in general terms, of the nature of plaintiff's cause of action?

Among other specifications required by statute is that the original notice be signed by the plaintiff or his attorney. It is the settled rule in this state that an unsigned notice does not meet the requirements of the statute, and is fatal. Hoitt v. Skinner, 99 Iowa 360, 68 N. W. 788; Gardner v. Beck, 195 Iowa 62, 189 N. W. 962; Citizens Bank v. Taylor, 201 Iowa 499, 207 N. W. 570.

Another specification required is that it inform the defendant when and where the petition will be filed. It has been repeatedly held that a failure to include this specification would also be fatal. Decatur County v. Clements, 18 Iowa 536; Kitsmiller v. Kitchen, 24 Iowa 163; Boals v. Shules, 29 Iowa 507; Cummings v. Landes, 140 Iowa 80, 117 N. W. 22; Pendy v. Cole, 211 Iowa 199, 233 N. W. 47.

Each of the specific requisites of the statute is of equal rank with the others, and a failure to include any one is as fatal as the failure to include another. Rhodes v. Oxley, 212 Iowa 1018, 235 N. W. 919.

In Rhodes v. Oxley, 212 Iowa 1018, 1021, 235 N. W. 919, 920, in referring to the failure to comply with the specific requisites of the statute, this court said:

"The specific requisites of the statute are not to be wholly ignored. The statute provides for a certain degree of formality as requisite to confer jurisdiction. For instance an original notice must be in writing. Oral notice, however emphatic or

frequent, will confer no jurisdiction. If the writing is essential to the jurisdictional power of the notice, then it would seem equally as essential that the statutory requisites should be incorporated in such writing. We are of opinion that the defects in this notice cut so deeply as to destroy its essential character as a statutory notice and that for such reason it should be deemed not simply defective, but wholly void.''

Over seventy years ago, this court, in Moody v. Taylor, 12 Iowa 71, held that where the original notice contained only a statement *that plaintiff claimed of the defendant $138 and interest from the 25th day of August, 1859,* it was fatally defective because of a failure to comply with a statute then in force requiring the original notice to ''briefly state the substance of the remedy sought.'' It was there held that an original notice simply claiming of the defendant $138 was not a sufficient compliance with the requirements of the statute, *because the statute by implication necessarily required a statement of the nature and subject of the action.* The statute in existence at that time was section 1715 of the Code of 1851, and required the original notice, among other things, to ''state briefly the substance of the remedy sought.'' The only difference between section 1715 of the Code of 1851 and section 11055 of the Code of 1935 is that under the early statute the original notice was required to ''state briefly the substance of the remedy sought,'' while the present statute requires the notice to state ''in general terms the cause of action'' sued on. A comparison between the present and the old statutes shows that the present statute contains what this court in Moody v. Taylor, supra, held was, by implication, required by the early statute.

In Moody v. Taylor, 12 Iowa 71, decided in 1861, this court said:

''Section 1715 of the Code of 1851, not only requires that the notice shall inform the defendant of the name of the plaintiff * * *, but that it shall also briefly *state the substance of the remedy sought,* etc. (Italics ours.) This necessarily implies the nature or subject of the action, as whether it is founded upon a note, an open account, for trespass, for slander, or for the recovery of real estate, etc. The above notice simply states the amount of the plaintiff's claim, without intimating its origin,

whether it arose out of a contract or a tort, and in this it fails to meet the requirements of the Code.''

In that case a motion to quash the original notice was sustained.

The statement of the claim made in the case at bar is in substance identical with that made in Moody v. Taylor, supra. In that case plaintiff claimed of the defendant $138 and interest from August 25, 1859. In this case plaintiff claims of the defendant $1214.68 and interest from October 24, 1930, *payable to plaintiff in that sum and the debt represented thereby*. The words ''payable to plaintiff in that sum and the debt represented thereby'' are purely surplusage and mean no more than that the debt represented *by the claim is payable* to the plaintiff. In effect, it is simply a statement that the claim belongs to the plaintiff, and is only a claim for the amount sued on. It fails to state the nature of the cause of action, as to whether it is founded upon a note, an open account, for trespass, or whether it arose out of a contract or a tort, without intimating its origin, and, therefore, fails to meet the requisites of the statute.

The notice contains no statement whatever ''in general terms of the cause of action'' sued on. As a statement of this character is required by section 11055, the notice must be held to be fatally defective, unless it is saved by the following statement in the notice: ''For further particulars, see petition when filed.'' It must be observed that the petition is not made a part of the original notice by reference, even if it could be. The notice simply states ''For further particulars, *see petition when filed*.''

Respondent contends that this statement in the notice when considered with the statement of the amount claimed is sufficient to meet the specific requisites of the statute requiring the notice to contain a ''statement in general terms of the cause'' of action sued on. This argument, however, can hardly meet the purposes of a statute which requires a general statement of the cause of action *to be embodied in the original notice*. The petition in any action necessarily contains *a statement of the cause of action*. It will hardly do to say that the statutory *requisites of an original notice for ''a general statement of the cause of action''* are met by a reference therein to a petition for further particulars. If the defects in the original notice are of such a nature as to make it defective, such a notice will give the court

no jurisdiction, and a defendant, under such circumstances, is not required to examine the petition for a statement of the cause of action.

Although the original notice in the case of Moody v. Taylor, supra, did not refer plaintiff directly to the petition for further particulars as to the nature of the cause of action, it did advise the defendant that the petition *was then on file* in the clerk's office. He could, therefore, have examined the petition immediately for a statement of the cause of action.

We are constrained to hold that a statement in the original notice to "see the petition for further particulars," does not meet the requirements of the statute that "a statement in general terms of the cause of action" be set out *in the original notice*. As this is one of the specific requisites of the statute under which the court obtains jurisdiction, and as the attack upon the jurisdiction was timely made in a special appearance by the defendant, it is our conclusion that the special appearance filed in the lower court was good and that the writ herein issued should be sustained, which would be otherwise if the attack on the jurisdiction was not timely made.

II. The petitioner also contends that the court erred in holding that service of an original notice by the attorney for plaintiff is valid. Respondent contends that such service is authorized by section 11058 of the Code relating to the service of original notices. This section provides:

"The notice may be served by any person not a party to the action."

There is much force in respondent's contention that the service of the original notice in this action is authorized by the foregoing statute. In view of the conclusion reached in the preceding division of this opinion, we consider a discussion of this question unnecessary.

For the reasons hereinabove expressed, the writ of certiorari issued in this action must be and is hereby sustained.— Writ sustained.

PARSONS, C. J., and ANDERSON, RICHARDS, and STIGER, JJ., concur.