VIVIAN PARKHURST, appellant, v. ALBERT S. WHITE et al., appellees.

No. 50717.

(Reported in 118 N.W.2d 47)

November 13, 1962.

Holliday, Miller & Stewart, of Des Moines, for appellant.

Colavecchio & McKeon, of Des Moines, for appellees Margaret Jones and Arthur Jones.

Herrick, Langdon, Sandblom & Belin, of Des Moines, for appellee Albert S. White.

Bannister, Carpenter, Ahlers & Cooney, of Des Moines, for appellee Floyd Irons.

LARSON, J.—Pursuant to filing her petition in law demanding judgment for damages in the sum of $35,000 as a result of successive collisions between defendants' vehicles and one driven by plaintiff on December 15, 1959, at a street intersection in the city of Des Moines, Iowa, notices were served upon three of the defendants on the 14th of December, 1961, and upon the other one on December 15, 1961. All defendants appeared specially for the purpose of contesting the jurisdiction of the court alleging that no valid original notice had ever been served upon them, and that a purported notice served upon them was not sufficient under the provisions of rule 50 of the Rules of Civil Procedure. The trial court sustained the special appearances of all defendants and plaintiff appeals. We affirm that decision.

The question presented is whether the original notices served upon defendants were fatally defective, or were so defective that they did not confer jurisdiction upon the court. It, therefore, seems desirable to set out here the pertinent part of the notices served:

"You are hereby notified that the Petition of the plaintiff in the above entitled action is now on file in the office of the Clerk of the District Court of Iowa in and for Polk County, claiming judgment against the defendants, and each of them, as a result of an accident, which occurred at E. 28th and Frederick M. Hubbell Avenue, Des Moines, Iowa, on December 15, 1959, resulting in injuries to the plaintiff along with severe physical and mental pain, suffering and anguish, which is permanent and lasting; for necessary hospital, doctor, X ray, therapeutics and other medical expenses for the treatment of said injuries, and future hospital, doctor, X rays, therapeutics, and medical expenses; that plaintiff relies upon the doctrine of res ipsa loquitur.

"In Count II the plaintiff demands judgment against the defendants, and each of them, for injuries and resulting damage,

which were the result of the negligence of the defendants, and each of them, in the operation of their respective automobiles at the time and place of said accident.

"For further particulars, see copy of petition, which is now on file.

"You are further notified to appear before said Court, at Des Moines in Polk County, Iowa, within 20 days after the service of this notice upon you, and that unless you so appear your default will be entered and judgment or decree rendered against you for the relief demanded in the Petition." (Duly signed)

In their special appearances defendants charged, in substance, (1) that no valid notice had been served upon them, and (2) that the purported notice served on them was invalid and insufficient to confer jurisdiction of the court over them because (a) no copy of the petition was attached to the original notice, (b) the notice did not contain a general statement of the cause or causes of action as required by the provisions of rule 50, R. C. P., and (c) the relief demanded appeared to be for money damages, but did not contain a statement of the amount thereof, as is expressly required by rule 50, R. C. P.

Rule 50, Rules of Civil Procedure, Code of Iowa, 1958, now 1962, provides:

"50. Contents of original notice. The original notice shall be directed to the defendant, and signed by plaintiff or his attorney with the signer's address. * * * It shall notify defendant to appear before said court within the specified number of days after service required by rule 53 or rule 54, and that unless he so appears, his default will be entered and judgment or decree rendered against him for the relief demanded in the petition. *A copy of the petition may be attached; but if it is not or if the service is by publication, the notice shall contain a general statement of the cause or causes of action and the relief demanded, and, if for money, the amount thereof."* (Emphasis supplied.)

I. The requirements of rule 50 which we have emphasized are mandatory. Their apparent intent and purpose is to fully inform the defendant of the nature of the action taken against him and the relief demanded, including the amount if money damages are claimed. These rules have the force and effect

of statutes. Summerlott v. Goodyear Tire & Rubber Co., 253 Iowa 121, 126, 111 N.W.2d 251, 253; Halverson v. Hageman, 249 Iowa 1381, 1388, 92 N.W.2d 569, 574.

■ There can be little question as to what is required in the notice. The words used are abundantly clear. Among other things, the defendants are to be advised as to the amount of money claimed by plaintiff by way of damages. Appellees do not argue the question as to the sufficiency of the general statement of the cause, and we consider it waived. Rule 344(a)(4) (Third), R. C. P.; Anderson v. Hadley, 245 Iowa 550, 63 N.W.2d 234. Appellees do maintain that the requirement that plaintiff inform them in the notice as to the amount of money demanded has substance and is not of a formal or technical nature. Appellant argues that the failure to state the amount claimed in money is a mere irregularity and that, unless it appears defendants were deceived or misled by this failure, the defect was not substantial nor fatal to the court's jurisdiction in the matter.

II. Under our earlier decisions a strict, in fact a literal, compliance with the statute on notice was required, and any departure from the requirements was fatal. But as pointed out by the appellant and by the court in Jacobson v. Leap, 249 Iowa 1036, 1040, 88 N.W.2d 919, 920, 921, we have in our more recent decisions adopted a rule of liberal construction to avoid defeating an action because of technical and formal defects, which could not reasonably have misled defendant. Krueger v. Lynch, 242 Iowa 772, 48 N.W.2d 266. It, therefore, seems necessary to classify various defects appearing in such notices as mere irregularities or as substantial defects which are fatal to the jurisdiction of the court. This we have done. Summerlott v. Goodyear Tire & Rubber Co., supra, and cases cited therein. In the Krueger v. Lynch case, supra, we recognized the limits of liberality and quoted with approval from Walters v. Blake, 100 Iowa 521, 522, 69 N.W. 879, 880, to the effect that when "The language * * * is so plain that discussion tends to obscure, rather than to elucidate, its meaning", no construction problem appears.

■ The distinction apparent from our past decisions is that mere irregularities which relate principally to the form of the notice or to technical or clerical errors, and which do not deceive

482

or mislead the defendant, will not be found fatal to the jurisdiction of the court, but those amounting to a substantial departure from the substance requirements of the rule would affect the validity of the notice. Thus our inquiry here is whether this defect is a mere irregularity, as plaintiff claims, or a substantial or vital defect, as defendants claim. As bearing on this problem, see Krueger v. Lynch, supra; Rhodes v. Oxley, 212 Iowa 1018, 235 N.W. 919; Farley v. Carter, 222 Iowa 92, 269 N.W. 34; Jacobson v. Leap, supra.

It is quite true irregularities in a notice will be examined to see whether defendants have been prejudiced before validity is decided. State ex rel. Hanrahan v. Miller, 250 Iowa 1358, 1368, 96 N.W.2d 474. Even this departure from the old rule has caused considerable confusion as to when a notice will or will not be found fatally defective. As most of the cases previously considered by us involved a subsequent or collateral attack on judgments obtained, it is apparent we were reluctant to set them aside, especially when the defect was not serious and no prejudice appeared. State ex rel. Hanrahan v. Miller, supra, and citations.

However liberal we have been as to mere irregularities, we still have not departed from the view that substantial defects in the vital requirements are fatal to the court's jurisdiction, regardless of prejudice. Of course in such instances prejudice is presumed. Thus if the defect here was substantial, and we think it was, the question of actual prejudice does not become controlling.

III. The requisites of process are matters of statutory regulation, and it is necessary that a notice contain whatever the applicable statute prescribed. Substantial compliance is necessary and, as to vital and substantive requirements, anything less than substantial compliance will make the notice invalid and binding upon no one. 50 C. J., Process, page 452; 72 C. J. S., Process, sections 2 to 10, pages 990 to 1002.

"Substantial compliance" being also a flexible and relative term, it does not seem applicable to such requirement as we have before us as to the amount of money demanded by plaintiff as damages. Compliance, substantial or otherwise, can only be acquired by stating in the notice the sum claimed, and no other

method will suffice. As to the requirement that plaintiff make a "general statement" of his cause of action, more leeway is possible. In that regard a liberal construction of the requirements would seem to indicate the general statement in the notice as to the cause was sufficient, but liberal or strict, the only construction which we can give to the requirement to set forth the amount of money claimed is that it must be set out and that it is vital to the validity of the notice and the jurisdiction of the court.

Surely the failure to state the sum demanded was a substantial defect. It did not in any way comply with the specific and clearly stated requirement of rule 50. It cannot be classified as a mere technical and formal defect, nor was it a mere clerical error. The rule clearly requires such information be given the defendants either by attaching a copy of the petition or by putting the sum demanded in the notice itself. Jurisdiction can be acquired in advance of defendants' general appearance in no other manner, and plaintiff did neither.

There is no merit in appellant's contention that the deletion of the amount claimed is harmless for, by calling or going to the courthouse as directed, defendants could discover the amount demanded. Such would be the case if the notice merely advised defendants to see the petition now on file. Obviously such a notice would not mislead defendants, but it would certainly fail to inform them in the notice itself on matters specifically required by rule 50. It is the rule in this and most jurisdictions that knowledge on the part of the defendant himself will not supply the need for a valid notice or summons as required by rule or statute.

To commence a civil action under rule 48, R. C. P., one must serve the adverse party with a notice which conforms with the requirements of rule 50, R. C. P. Mazzoli v. City of Des Moines, 245 Iowa 571, 574, 63 N.W.2d 218, 219. To fail to comply with a requirement so clearly stated, and upon which there can be no question as to its intended importance, must be considered more than a mere irregularity.

IV. It is stated in 72 C. J. S., Process, section 10, page 1002: "It is necessary that the writ [notice] contain whatever a statute or rule of court prescribes * * *." It is also pointed out

therein that where a statute contains an enumeration of all that is required to constitute a legal notice, its requirements should be in substantial compliance with such requirements. It must give a notice with such particularity and certainty as to not deceive or mislead and, while mere irregularities in form will not violate the process if the substance appears therein, yet a total failure to inform the defendants in vital matters is more than an irregularity and less than a substantial compliance with such statutory provisions.

Also in 42 Am. Jur., Process, section 34, page 31, the rule is stated that "Generally, service of process must be substantially in accordance with the requirements of the law; if service is insufficient and unauthorized by law, the court does not acquire jurisdiction, and the judgment rendered is without validity * * *."

We are satisfied here that plaintiff failed to comply in any way with the requirement of the rule to state the amount demanded by way of relief, that it was a vital requirement, and that the rules of liberality in construction or as to irregularities do not apply.

V. We have considered the cases cited by appellants and find none of them holds a lack of such a specific and vital requirement in the notice is a mere irregularity which can be overcome by a showing of no prejudice to the adverse party. It is true in State ex rel. Hanrahan v. Miller, supra, 250 Iowa 1358, 1365, 1368, 96 N.W.2d 474, 479, 480, we held that the failure of the original notice to give the address of its signer as rule 50 requires was not under the facts a fatal defect, but an irregularity only. Obviously, the omission there was more as to form than substance. In that case the plaintiff was the State on relation of the county attorney of Polk County, and it appeared the defendant "had business with the County Attorney's office not long prior to the filing of this suit", so defendant was not misled or deceived by that omission. Furthermore, it appears that the county attorney's office itself is a sufficient designation of the signer and his address to meet the requirement that the address of the attorney be stated. It is obvious the notice now before us is a much greater departure from the requirements of rule 50 than that in the

Miller case, for here defendants would have no way of being advised as to the amount claimed except by the notice served on him or from an examination of the petition, a copy of which might have been attached to the notice but was not.

Halverson v. Hageman, supra, 249 Iowa 1381, 1388, 92 N.W.2d 569, 574, cited by appellant, holds a judgment was void because of the lack of compliance with rules 50 and 53, and the opinion refers to the failure to furnish the signer's address in a notice as a defect of less serious character than other requirements.

VI. While the specific requirement as to what information must be given regarding the claim against defendant seems a sufficient reason for holding the notice invalid under rule 50, it is pointed out by appellees that the information deleted was of great importance to a defendant, for from that information he must determine the seriousness of the claim, the preparation required, and the selection of counsel able and willing to undertake his defense. Without such information the defendant may default on the theory that a nominal recovery is all that is claimed, or he may rely upon some agreement as to the amount plaintiff would ask, and not prepare for the issues that would arise in such a case. To leave defendant in the dark as to the extent of plaintiff's claim would be an injustice to defendant and do violence to the express requirement of the rule. To approve such a deviation would result in uncertainty as to the compliance required, and result, we think, in more, not less, confusion. We conclude on such a clear and understandable provision no construction is required (Walters v. Blake, supra), that the notices were invalid, and that the court correctly sustained defendants' special appearances herein.—Affirmed.

All JUSTICES concur except STUART, J., who takes no part.