MARTHA KREBS, appellant, v. TOWN OF MANSON and IOWA-ILLINOIS GAS AND ELECTRIC COMPANY, appellees.

No. 51422.

(Reported in 129 N.W.2d 744)

JULY 16, 1964.

McCarville & Bennett, of Fort Dodge, for appellant.

Don N. Kersten and Alan Loth, both of Fort Dodge, for appellees.

STUART, J.—Plaintiff has appealed from a ruling of the trial court in which the special appearances of defendants were sustained on the ground that the original notice was fatally defective.

I. On November 4, 1961, plaintiff fell on the walk in the Town of Manson and was injured. Timely statutory written notice was given to the city. On October 17, 1963, a petition was filed in two counts. Count I claimed damages from the city. Count II claimed damages from the company.

On the same date original notice was properly served upon each defendant which read in part:

"To THE ABOVE-NAMED DEFENDANTS: YOU AND EACH OF YOU ARE HEREBY NOTIFIED, That there is now on file in the office of the clerk of the above-named court the petition of the Plaintiff herein praying for Judgment against you and each

of you in Two Counts: In Count I of said petition the Plaintiff prays for Judgment against the defendant, Town of Manson, Iowa, in the amount of $51,357.60 and for interest and the costs of this action. In Count II of said petition the Plaintiff prays for judgment against the defendant, Iowa-Illinois Gas & Electric Company in the amount of $51,357.60 and for interest and costs of this action.

"For further particulars see the petition now on file. * * *."

On November 6, 1963, both defendants filed special appearances alleging the notice was insufficient to confer jurisdiction because no copy of the petition was attached and it did not contain a general statement of the cause of action as required by R. C. P. 50 which provides:

"50. Contents of original notice. The original notice shall be directed to the defendant, and signed by plaintiff or his attorney with the signer's address. It shall name the plaintiff, the court, and the city or town, and county where the court convenes. It shall state either that the petition is on file in the office of the clerk of the court where the action is brought, or that it will be so filed by a stated date, which must not be more than ten days after service. It shall notify defendant to appear before said court within the specified number of days after service required by rule 53 or rule 54, and that unless he so appears, his default will be entered and judgment or decree rendered against him for the relief demanded in the petition. *A copy of the petition may be attached; but if it is not or if the service is by publication, the notice shall contain a general statement of the cause or causes of action and the relief demanded, and, if for money, the amount thereof.*" (Emphasis supplied.)

The author's comments under rule 50 in Cook's Iowa Rules of Civil Procedure are informative and pertinent:

"The requirements of this Rule—indeed of this whole Division— are jurisdictional. Perhaps nowhere (except in notices of appeal) is failure to comply fully and literally with a Rule so disastrous as under this Division. It deals with how the court gets jurisdiction.

"The courts cannot relax these Rules, because they have no

jurisdiction to exercise any discretion, or do any act, until they acquire it in the manner here specified. The prior Iowa cases as to the fatal consequences of departing from this and the following Rules, are in full force."

, The Rules of Civil Procedure have the force and effect of statutes. Halverson v. Hageman, 249 Iowa 1381, 1388, 92 N.W.2d 569. An original notice which does not contain the matter required by rule 50 is fatally defective and does not confer jurisdiction over the party served with such defective notice. Halverson v. Hageman, supra; Rhodes v. Oxley, 212 Iowa 1018, 235 N.W. 919; Parkhurst v. White, 254 Iowa 477, 118 N.W.2d 47; Shields v. Heinold, 253 Iowa 898, 114 N.W.2d 302, 304; Summerlott v. Goodyear Tire & Rubber Co., 253 Iowa 121, 111 N.W.2d 251, 93 A. L. R.2d 371; Farley v. Carter, 222 Iowa 92, 269 N.W. 34. Recent cases, Krueger v. Lynch, 242 Iowa 772, 48 N.W.2d 266; Jacobson v. Leap, 249 Iowa 1036, 1041, 88 N.W.2d 919; State ex rel. Hanrahan v. Miller, 250 Iowa 1358, 1367, 96 N.W.2d 474, have relaxed the standards of literal compliance with the statutory requirements, but have not altered the basic rule. We have drawn a distinction between irregularities in a notice which are not fatally defective if no prejudice to defendant is shown, and defects which do not substantially comply with the statute and are jurisdictional. These differences are discussed and clearly explained in Parkhurst v. White, supra, 254 Iowa 477, 480, 118 N.W.2d 47, 49.

 The notice here did not contain a statement of the cause of action and was fatally defective. The rule of liberal construction of irregularities did not apply. An 1851 statute required an original notice to state briefly "the substance of the remedy sought". In Moody v. Taylor, 12 Iowa 71, we held this "* * * necessarily implies the nature or subject of the action, as whether it is founded upon a note, an open account, for trespass, for slander, or for the recovery of real estate, etc. The above notice simply states the amount of the plaintiff's claim, without intimating its origin, whether it arose out of a contract or a tort, and in this it fails to meet the requirements of the code." Page 72. This is quite similar to the statement in the notice here.

In Farley v. Carter, 222 Iowa 92, 96, 269 N.W. 34, we discussed the sufficiency of the general statement of a cause of action in an original notice which read: " '* * * claiming of you the sum of $1214.68 and interest at 6% * * * from October 24, 1930, payable to this plaintiff in the foregoing sum and the debt represented thereby. For further particulars, see petition when filed.' " We said:

"In effect, it is simply a statement that the claim belongs to the plaintiff, and is only a claim for the amount sued on. It fails to state the nature of the cause of action, as to whether it is founded upon a note, an open account, for trespass, or whether it arose out of a contract or a tort, without intimating its origin, and, therefore, fails to meet the requisites of the statute.

"The notice contains no statement whatever 'in general terms of the cause of action' sued on. As a statement of this character is required by section 11055, the notice must be held to be fatally defective, unless it is saved by the following statement in the notice: 'For further particulars, see petition when filed.' It must be observed that the petition is not made a part of the original notice by reference, even if it could be. The notice simply states 'For further particulars, see petition when filed'."

The case then holds that particular statement does not aid the notice in meeting the requirements of the statute. The notice here contains a similar statement, but plaintiff does not claim it adds anything to the notice as written.

While plaintiff contends "the information concerning the prayer for judgment against each specific defendant including the amount of money prayed for is sufficient to constitute a general statement as required by the rule", she does not and cannot contend that it informs defendant of the nature of the action and its basis. The notice completely omits a statutory requirement and is fatally defective. There is no opportunity to liberally construe the "general statement" as meeting the statutory requirements because there is no statement to interpret.

In Parkhurst v. White, 254 Iowa 477, 480, 118 N.W.2d 47, 49, we emphasize the sentence in rule 50 which contains the re-

quirement of a general statement of the cause of action and then say:

"The requirements of rule 50 which we have emphasized are mandatory. Their apparent intent and purpose is to fully inform the defendant of the nature of the action taken against him and the relief demanded, including the amount if money damages are claimed. These rules have the force and effect of statutes. Summerlott v. Goodyear Tire & Rubber Co., 253 Iowa 121, 126, 111 N.W.2d 251, 253; Halverson v. Hageman, 249 Iowa 1381, 1388, 92 N.W.2d 569, 574."

II. Plaintiff places a great deal of emphasis on the claim that defendants "had full and complete information concerning the incident including the injuries, her damages and her demands." There is however no claim or proof of conduct on the part of either defendant which might constitute a waiver or estoppel. Knowledge obtained from outside sources or during settlement negotiations cannot cure statutory deficiencies in the notice.

This argument is answered in the Parkhurst case, supra, page 483 of 254 Iowa, pages 50, 51 of 118 N.W.2d:

"There is no merit in appellant's contention that the deletion of the amount claimed is harmless for, by calling or going to the courthouse as directed, defendants could discover the amount demanded. Such would be the case if the notice merely advised defendants to see the petition now on file. Obviously such a notice would not mislead defendants, but it would certainly fail to inform them in the notice itself on matters specifically required by rule 50. It is the rule in this and most jurisdictions that knowledge on the part of the defendant himself will not supply the need for a valid notice or summons as required by rule or statute.

"To commence a civil action under rule 48, R. C. P., one must serve the adverse party with a notice which conforms with the requirements of rule 50, R. C. P. Mazzoli v. City of Des Moines, 245 Iowa 571, 574, 63 N.W.2d 218, 219. To fail to comply with a requirement so clearly stated, and upon which there can be no question as to its intended importance, must be considered more than a mere irregularity."

In the case of Esterdahl v. Wilson, 252 Iowa 1199, 1206, 110 N.W.2d 241, 244, we say: "It will not do to say it is sufficient if it appears he did in fact acquire notice of the action, although by some other method. This argument would support a notice by ordinary mail, or by telegram, or word of mouth, or by reading of the suit in a newspaper. Jurisdiction must be acquired in the manner prescribed by law."

Similar arguments are also rejected in Shields v. Heinold, 253 Iowa 898, 902, 114 N.W.2d 302, 304, and Spencer Concrete Products Co. v. City of Spencer, 254 Iowa 87, 93, 116 N.W.2d 455, 459.

This is an unfortunate result and is another in the recent epidemic of cases in which a cause of action has been barred by the statute of limitations because of a defective original notice. It is another example of the dangers inherent in postponing an action too long. We cannot, however, ignore a clear statutory requirement to achieve what appears to be the best result in a particular case. Such action almost always makes bad law.

As we say in Esterdahl v. Wilson, 252 Iowa 1199, 1208, 110 N.W.2d 241:

"The so-called technicalities of the law are not always what they seem. When they establish an orderly process of procedure, they serve a definite purpose and are more than technical; they have substance, in that they lay down definite rules which are essential in court proceedings so that those involved may know what may and may not be done, and confusion, even chaos, may be avoided. They are necessary; without them litigants would be adrift without rudder or compass."

The ruling of the trial court is affirmed.—Affirmed.

All JUSTICES concur except HAYS, J., not sitting.