THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* FRANK TROIA, Appellant.

County Court, Dutchess County, March 22, 1955.

*Rosen & Rosen* for appellant.

*Richard E. Hanniff* for Frank D. Mather, complainant.

*Raymond C. Baratta, District Attorney* (*Robert F. Winne* of counsel), for respondent.

SCHWARTZ, J. This is an appeal by the above-named defendant from a judgment rendered against him following his trial without a jury in a Court of Special Sessions of the Town of East Fishkill, Dutchess County, New York, before RALPH J. WARREN, Esq., Justice of the Peace, on July 30, 1954, convicting him of a violation of section 1434 of the Penal Law of the State of New York.

It appears that the complainant, Frank D. Mather, was the owner of property in the town of East Fishkill, an incident of which ownership was a right of way over property of the defendant Frank Troia. The defendant placed a truck and certain timbers upon the right of way as an obstruction, and it is for so doing that he was charged with and tried for a violation of the afore-mentioned section.

The defendant appeals on several grounds, among which is the claim that the section applies only to public as distinguished from private roads and rights of way, and since the right of way in question was private the defendant was not guilty of violating the statute. Since in the opinion of the court this position is well taken and necessitates not only a reversal but a dismissal of the information, the court will not discuss at length the other claimed errors, except to state at this point that the statute appears to be one making a violation thereof malum prohibitum rather than malum in se, and consequently no specific criminal intent is required on the part of the defendant to effect a violation thereof.

Certainly the purpose of this law is to punish anyone who intentionally throws or places materials or substances upon a public highway which may injure any person, animal or property. That such was the legislative intent is apparent from an examination of the statute as originally enacted and the several amendments thereto. Present section 1434 of the Penal Law, then designated as section 654a, first became a law on April 17, 1896, constituting chapter 304 of the Laws of 1896. The title of said law reads as follows: " An act to amend the penal code by inserting therein a new section to be known as section six hundred and fifty-four-a, relative to deposit of certain substances on the public roads." As originally enacted its language was limited solely to probable injury to cycles and the users thereof. Moreover, the statute then did not contain the word " willfully ", but read " Whoever, with intent to prevent the free use of a cycle thereon " threw or placed anything upon a cycle path, etc. By chapter 321 of the Laws of 1916 the word " willfully " was substituted for this phraseology, and the section was broadened

to cover injury to animals and persons using the public highways on a vehicle of any description.  Again in 1922, this law was further extended to cover the deposit of any garbage, or other rubbish in any highway, and once more by chapter 297 of the Laws of 1938, the depositing of snow was also made a violation of the statute.  It is significant in connection with this last amendment that it constituted section 2 of a chapter, the first section of which amended the Highway Law of the State of New York, making any person who deposited ashes, snow, ice, stones, sticks or other substances upon a highway, liable to a penalty of $10 to be sued for and recovered by the town superintendent of highways.

The history of the section therefore readily indicates that the Legislature was interested solely in public paths, streets, highways and roads, and the section was never intended to cover private roads or private places.

Since therefore, as above stated, the area in which the obstructions in question were placed, was private, the defendant committed no crime, and accordingly the information failed to state a crime and must therefore be dismissed.

Judgment of conviction reversed on the law and information dismissed.

Submit order.