OPINION OF THE COURT
Albert A. Rubin, J.
Can a driver of a vehicle be convicted under subdivision (a) of section 1219 of the Vehicle and Traffic Law where admittedly the driver did not place the debris upon the highway?
Officer Kerensky testified that at 1:10 A.M. on September 1, 1979 he was sitting in a patrol car facing towards Merrick Road, parked in parking field number 16. Immediately adjacent to field 16 is the Chemical Bank building and parking lot. He observed a red and white Buick pull from the bank exit onto Merrick Road and stop. As the Buick stopped, the door on the passenger side opened. One youth was crossing Merrick Road to get into the vehicle. While the patrolman was watching, he saw a bottle thrown from the Buick onto Merrick Road. The bottle broke and the glass shattered. Kerensky then went over to the vehicle and issued a summons to the driver, Schaub, for a violation of subdivision (a) of section 1219 of the - Vehicle and Traffic Law — depositing glass and litter on the highway. The defendant Schaub told Patrolman Kerensky that he did not throw anything out of the car. Another unidentified youth *707 in the vehicle said he did not throw the bottle out of the car, but that he (the other youth) kicked the bottle in the street where the bottle had been. The officer advised the defendant Schaub that it was his responsibility as the operator of the motor vehicle to make sure that no one was drinking alcoholic beverages or throwing debris on the highway.
Patrolman Kerensky was unable to identify the person who threw the bottle from the vehicle. There were three people in the car including the driver Schaub. On cross-examination Kerensky testified that Schaub was not the person who threw the bottle out of the car. However, the patrolman repeated that he saw the bottle come from the car and smash apart in the street.
There are no decisions listed under section 1219 of any value to this court in making this determination. The language of the statute draws a clear distinction between subdivisions (a) and (b).
Subdivision (a) of section 1219 reads, “No person shall throw or deposit upon any highway”, whereas subdivision (b) of section 1219 reads, “Any person who drops, or permits to be dropped or thrown, upon any highway”.
Under subdivision (a) of section 1219 it would appear that the person to be charged is the person who actually throws or deposits the substance. Under subdivision (b) of section 1219 not only the person who throws, deposits or drops the substance upon the highway can be charged, but any person who permits it to be dropped or thrown upon the highway can be charged.
Under subdivision (a) of section 1219 there is no provision for issuing a summons unless the party to be charged can be identified as the party who threw the object on the highway. (No charge was made here under subdivision [b] of section 1219.) Now — a second problem. What does the word “permit” mean under subdivision (b) of section 1219? If a passenger in an automobile being driven by a driver defendant opens the passenger side of the car and ejects a bottle or some other debris upon the highway, can the driver defendant be guilty under those circumstances? *708 Suppose the driver defendant told the passenger, “don’t do that”. Is that monition sufficient to exculpate him?
There is no adequate definition of littering, nor are there definitive proscriptions against littering in the Vehicle and Traffic Law. Section 1219 does not apply to just motor vehicles. This section is subject to violation by a party walking, bicycle riding, as a passenger in a public conveyance, etc. While it absolutely forbids the throwing of any items on the public roadway or highway, it is very difficult to sustain a conviction, because even after actual proof that the substance was deposited or thrown on the highway, it must be shown the substance might be injurious.
The instant case is a good example of these problems. It charges a person with throwing something from a vehicle. In the absence of enabling legislation to make the driver of a vehicle responsible for things happening within his vehicle, the court has to find him not guilty. Furthermore as this happens to be the only littering section provided to protect our highways, it is grossly inadequate. In order to establish guilt under the present statute, the police officer must (1) observe the act and (2) the prosecution must prove that the litter would be of the nature to harm an individual, animal, or other vehicle on the highway.
Perhaps the Legislature should amend the section to give more clout to it by including presumptive evidence of the violation by all people in an automobile similiar to the presumption under section 265.15 of the Penal Law.
In conclusion, it is difficult to sustain a conviction under either subdivision (a) (absent direct testimony by the police officer that he saw the defendant actually throw the debris upon the highway) or under subdivision (b) of section 1219 without a definition of what is meant by the word “permit”.
The defendant is found not guilty after trial.