Otto W. KRUEGER, Appellant,

v.

Scott Allen NOEL and Fischer Investment Company, Appellees.

No. 66503.

Supreme Court of Iowa.

April 21, 1982.

William C. Fuerste and Douglas M. Henry of Fuerste, Carew, Coyle, Juergens & Sudmeier, Dubuque, for appellant.

Brendan T. Quann of O'Connor, Thomas, Hammer, Bertsch & Norby, Dubuque, for appellee Fischer Inv. Co.

Considered by REYNOLDSON, C. J., and UHLENHOPP, McCORMICK, ALLBEE, and McGIVERIN, JJ.

UHLENHOPP, Justice.

In this appeal we consider several jury instructions given in the trial of a personal injury action.

On July 15, 1977, Scott Allen Noel operated an Allis-Chalmers tractor southbound on Central Avenue in Dubuque, Iowa, in the course of his employment with defendant Fischer Investment Company (Fischer). The tractor tires contained a mixture of water and calcium chloride antifreeze, which was slippery in nature; the water in the tires improved traction and the antifreeze prevented freezing.

The left rear tractor tire burst, discharging the mixture onto the pavement at the intersection of Central Avenue and Tenth Street. Noel heard the tire explode and observed a trail of liquid being deposited upon the street. After the blowout he continued driving south on Central Avenue four blocks to Sixth Street, where he turned left and arrived at Fischer's garage.

Noel thought the liquid deposited on the roadway was water. He reported the incident to Fischer's foreman, Fred Timmerman, and then returned to his jobsite.

Timmerman knew that the tires were filled with water and antifreeze and that the mixture was slippery. No Fischer employee made any attempt to remove the substance from the pavement or to warn drivers using the street of the hazard.

Meanwhile plaintiff Otto Krueger drove his motorcycle to an auto supply store located at the intersection of Central Avenue and Ninth Street to purchase a part for his auto repair business. After leaving the store, Krueger mounted his motorcycle and entered the intersection of Central Avenue and Ninth Street with the intention of turning south on Central. Before he could complete the turn, however, the wheels of his motorcycle came into contact with the mixture deposited by Fischer's tractor, and the motorcycle overturned injuring Krueger's left forearm.

Krueger brought the present action for personal injuries against Noel and Fischer alleging that they were negligent in the following respects: (1) in depositing upon a highway a substance likely to injure a person or vehicle in violation of section 321.369, The Code 1979; (2) in failing to remove the substance immediately in violation of section 321.370, The Code; and (3) in failing to give warning of the existence and nature of such substance contrary to common law. At trial Krueger dropped Noel as a party and retained Fischer as the sole defendant.

At the close of evidence Krueger submitted requested jury instructions covering each specification of negligence. The district court, however, rejected the instructions and, over Krueger's objection, gave its own instructions to the jury. The jury found for Fischer. The trial court overruled Krueger's motion for a new trial which asserted that the court gave erroneous jury instructions.

On appeal Krueger contends that the trial court erred in its jury instructions in three respects: (1) by injecting the element of subjective knowledge into the allegation of negligence based on section 321.370; (2) by failing to instruct that violation of section 321.369 constitutes negligence; and (3) by failing to instruct that the knowledge of a corporate agent is attributable to the corporation itself.

I. *Knowledge as an element of section 321.370.* Krueger alleged that Fischer was negligent in failing to comply with section 321.370 of the Code, which provides:

222

Any person who drops, or permits to be dropped or thrown, upon any highway any destructive or injurious material and *other material as defined in section 321.-369* shall immediately remove the same or cause it to be removed.

(Emphasis added.) Section 321.369 provides:

No person shall throw or deposit upon any highway any glass bottle, glass, nails, tacks, wire, cans, trash, garbage, rubbish, litter, offal, or any other debris. No *substance likely to injure any person, animal or vehicle* upon such highway shall be thrown or deposited by any person upon any highway. Any person who violates any provision of this section or section 321.370 shall be guilty of a misdemeanor and upon arrest and conviction therefor shall be punished as provided in section 321.482 [simple misdemeanor].

(Emphasis added.)

With regard to the specification of negligence based on section 321.370, Krueger requested that the jury be instructed:

The law of Iowa provides that any person who drops upon a roadway a substance likely to injure a person or vehicle, shall immediately remove the same or cause it to be removed. The term "person" as used in this instruction, includes a natural person and a corporation acting through its employees.

Failure to comply with this provision of the law constitutes negligence.

The district court rejected that request and over Krueger's objection instructed the jury:

INSTRUCTION NO. 10

Under the law of Iowa any person who drops or permits to be dropped upon a street any substance likely to injure any person or vehicle on the street, shall immediately remove the same or cause it to be removed.

As used in this instruction, the word 'substance' as used in these instructions means any liquid or solid material which Fischer Investment Company, the Defendant, *knew or in the exercise of rea-sonable care should have known*, would create a hazard to others using the street if permitted to remain thereon.

Failure to comply with this provision of law constitutes negligence.

(Emphasis added.)

Krueger contends that subjective knowledge is not an element of section 321.370 and that the district court erred in instructing the statute was violated upon a showing that Fischer knew or should have known of the dangerous nature of the spilled substance.

We addressed a similar issue of whether knowledge was an element of section 321.-261 of the Code in *State v. Miller*, 308 N.W.2d 4 (Iowa 1981). That section prohibits leaving the scene of a personal injury accident without taking certain procedures which include rendering aid. Miller was driving a pickup which struck and injured a pedestrian, and he failed to stop and assist the pedestrian. At trial Miller testified that due to the muddy condition of the truck he did not see the pedestrian, nor did he hear the collision or feel any contact. The trial court's instructions on the definition of the elements of the offense made no mention of knowledge. On the basis of those instructions the jury convicted Miller of violating the section.

On appeal we reversed and remanded for a new trial on the ground that the trial court had improperly instructed the jury. For purposes of analysis we divided the knowledge requirement into two parts: (1) knowledge of the accident, and (2) knowledge of the injury. We first held that the State must prove as an element of the offense that the defendant had actual knowledge of the accident itself. *Id.* at 7. One of our reasons for so holding was that the statute required an affirmative course of action to be taken by the driver, and he had to be aware of facts giving rise to the duty to trigger the obligation to perform it. We also held, however, that knowledge the accident caused injury or death was not required. That holding was premised on the view that " '[t]he driver who leaves the

scene of the accident seldom possesses actual knowledge of injury; by leaving the scene he forecloses any opportunity to acquire such actual knowledge. Hence a requirement of actual knowledge of injury would realistically render the statute useless.' " *Id.* (quoting from *People v. Holford,* 63 Cal.2d 74, 80, 403 P.2d 423, 427, 45 Cal. Rptr. 167, 171 (1965)).

 We believe the *Miller* rationale is applicable here and mandates that actual knowledge of the *deposit* of a substance as defined in section 321.369 is an element of section 321.370. That section like section 321.261 in *Miller* imposes an affirmative duty to take certain measures once a specified event has occurred. Until a person has actual knowledge that he or the vehicle which he is driving has deposited the substance upon the highway, he is unaware that a duty has arisen to remove it. We therefore hold that actual knowledge of the deposit of a substance upon the highway is an element of section 321.370. As we noted in *Miller,* the knowledge requirement does not mean that a court or jury must accept an accused person's denial of subjective knowledge. Knowledge is seldom capable of direct proof. If substantial evidence is introduced from which knowledge can be reasonably inferred, that issue is for jury determination. 308 N.W.2d at 7. *See State v. Christopher,* 176 N.W.2d 777, 778 (Iowa 1970).

 The remaining question is whether Krueger had to prove that Noel knew or should have known the substance was likely to be injurious. The trial court included the knowledge-of-danger element in its instructions to the jury. Its reason for doing so was stated in its ruling denying a motion for a new trial:

Whether a substance is *"likely"* to injure any person, animal or vehicle upon the highway is a *subjective determination* and not to be resolved upon the outcome of the incident. It follows that the Legislature must have meant that the *depositor knew or should have known* that the substance was likely to cause injury as

there is no way to achieve a categorical negative on such an inquiry.

(Emphasis added.)

On the other hand, Krueger contends the use of the term "likely" does not require that this element be evaluated from the subjective viewpoint of the person depositing the substance. He argues that the evaluation is totally objective in nature and should be made by the factfinder without regard to the knowledge of the person involved.

In his argument Krueger relies on the concept of the public welfare offenses and on the general rule that such offenses are *malum prohibitum* and do not include knowledge or intent as an element. The imposition of strict liability in public welfare offenses has been explained as follows in one source:

Though the common-law concept of crime as constituted only from the concurrence of an evil-meaning mind with an evil-doing hand took deep and early root in this country, a completely different category of crimes has arisen under modern statutes, especially in the area of public welfare offenses. These are crimes which depend on no mental element, but consist only of forbidden acts or omissions. Where the legislature creates such an offense, criminal intent in any of its forms is not an element of the crime and need not be proved to justify a conviction.... The moral turpitude or purity of motive which prompted the act, and knowledge or ignorance of its criminal character, are immaterial on the question of guilt, and the only question is whether the prohibited act was done or the required act omitted. In other words, it is immaterial that the defendant acted in good faith or did not know that he was violating the law, since, in the interest of the public, the burden is placed upon the actor of ascertaining at his peril whether his deed is within the prohibition of any criminal statute.

21 Am.Jur.2d *Criminal Law* § 137 (1981) (footnotes omitted). *See* LaFave and Scott, *Criminal Law* § 31 (1972).

A New York decision touches upon the question of a defendant's knowledge under a similar statute. *People v. Troia*, 207 Misc. 463, 141 N.Y.S.2d 90 (1955). Troia placed a truck and certain timbers in the right of way of a private road. He was convicted of violating a statute that prohibited the placing of injurious substances upon a highway. The conviction was reversed on appeal on the ground that the statute applied only to the deposit of injurious substances upon public as opposed to private roads. The court noted in dictum, however, that "the statute appears to be one making a violation thereof *malum prohibitum* rather than *malum in se*, and consequently no specific criminal intent is required on the part of the defendant to effect a violation thereof." *Id.* at 464, 141 N.Y.S.2d at 91. The court did not specify whether its remark relating to state of mind pertained to knowledge that the substance was deposited, knowledge that the substance was dangerous, or both types of knowledge.

Several factors are relevant in determining whether the legislature intended to impose criminal liability without knowledge of the injurious character of the substance. *See* LaFave and Scott, *supra* § 31, at 219–20. We note initially that violation of section 321.370 is a lowest-level offense: a simple misdemeanor punishable by a maximum of thirty-days imprisonment or a fine not exceeding one hundred dollars. § 321.-482, The Code. A second factor is the seriousness of the harm to the public which may be expected to result from the forbidden conduct. The deposit of injurious substances upon highways can create grave danger to the traveling public whether or not the person responsible for the deposit realizes the hazardous nature of the substance.

Perhaps the most important factor in the present case is the opportunity of the person depositing the substance to ascertain the danger created by the substance. Since that person must have knowledge of the deposit, he can ascertain the danger created by stopping his vehicle and checking. The person who spills a substance is in at least as good position as a subsequent traveler to determine the nature of the substance. In the present case Noel could quite simply have stopped the tractor and learned whether the spilled substance made the street hazardous, rather than merely assuming it was water. As between the depositor and the subsequent user, we think the former is in the better position to ascertain the danger he created.

We therefore conclude that proof of knowledge of the dangerous nature of the deposited substance is not an element of section 321.370. The trial court erred in instructing that Krueger had to prove Fischer knew or should have known the substance was hazardous. We thus reverse for a new trial. We will however consider the other claimed errors, since those issues will probably arise on retrial.

II. *Failure to give elaborating instruction.* Another specification of negligence was based on section 321.369, which prohibits the deposit upon a highway of a substance likely to injure any person, animal, or vehicle. Krueger requested that the jury be given the following instruction concerning the alleged violation of that section:

The law of Iowa provides that no person shall deposit any substance likely to injure any person or vehicle upon any roadway. The term 'person' as used in this instruction, includes both a natural person and a corporation acting through its employees.

Failure to comply with this provision of the law constitutes negligence.

The trial court, however, rejected that instruction and submitted the following one:

INSTRUCTION NO. 9

Plaintiff alleges that Defendant was negligent in the following particulars:

A. In depositing a substance likely to injure a person upon the highway.

B. In failing to remove from the highway a substance likely to injure a person that was deposited by Defendant upon the highway.

C. In failing to exercise reasonable measures to warn persons using the

street of the existence of material deposited on the street by the Defendant when such material is likely to injure any person or vehicle upon the highway.

If Plaintiff has established one or more of the foregoing specifications of negligence by the greater weight of the evidence, then Plaintiff will have established Proposition No. 1 of the foregoing instructions.

If Plaintiff has failed to establish at least one of the foregoing specifications, then Plaintiff cannot recover.

In his motion for new trial, Krueger challenged this instruction on the ground it failed to inform the jury that a violation of section 321.369 was an act of negligence. In its ruling denying the motion the trial court stated:

In ground B of its motion the Plaintiff complains of a claimed failure of the Court to advise the jury that depositing a substance likely to injure a person upon the highway is negligence. In Instruction No. 9 the jury is clearly so advised and by its verdict has determined that Defendant did not deposit a substance likely to injure a person upon the highway, or, that if it did, then such act was not a proximate cause of injury or damage to Plaintiff.

We cannot agree that instruction 9 was adequate for Krueger's purposes. As instructed, the jury was not given guidance as to the legal significance attaching to a violation of section 321.369. That oversight becomes more troublesome given the court's instruction that a violation of section 321.-370 constituted negligence per se. On retrial the jury should be given a separate instruction on each specification of negligence supported by substantial evidence and further, should be informed that violation of section 321.369, as well as violation of section 321.370, if those sections are submitted, is negligence in itself. *Kisling v. Thierman*, 214 Iowa 911, 915–16, 243 N.W. 552, 554 (1932).

III. *Duty to warn—corporate knowledge.* Krueger also alleged that Fischer was negligent in failing to warn him of the hazard created by the spilled substance. With regard to this specification of negligence, Krueger requested the jury be instructed in part that the knowledge of an employee obtained within the scope of his duties is imputed to his corporate employer. The trial court, however, rejected that request on the ground it would be unfair under the facts of the case. In his motion for new trial Krueger alleged *inter alia* that the court erred in failing to instruct the jury as to the manner in which a corporation could be deemed to have knowledge of a fact. In its ruling denying the motion the district court rejected the challenge by noting that the matter of knowledge was adequately explained in this instruction:

INSTRUCTION NO. 6

*When damage is done by reason of negligence of an employee within the course of his employment, then the employer is liable for the damage.*

It appears without dispute that at the time of the accident the tractor owned by Fischer Investment Company was being driven by Scott Allen Noel within the course of his employment.

In considering the claim of Plaintiff against Defendant, Fischer Investment Company, *you are instructed that the negligence, if any, of Scott Allen Noel constitutes, in law, negligence of Fischer Investment Company.*

(Emphasis added.)

The duty to warn is dependent upon superior knowledge and arises when one may reasonably foresee danger of injury or damage to one less knowledgeable unless forewarned of the danger. *Lakatosh v. Diamond Alkali Company*, 208 N.W.2d 910, 913 (Iowa 1973). To prevail on the allegation that Fischer breached its common-law duty to warn, Krueger needed to prove that Fischer had knowledge of the dangerous condition created by the spill. The trial court therefore needed to instruct the jury as to how Fischer could obtain that knowledge. Although instruction 6 correctly stated the law regarding vicarious liabili-

ty, it failed to explain adequately that knowledge gained by an employee in the scope of his duties is imputed to his employer. The trial court should have provided the jury additional guidance on this point. *See Porter v. Iowa Power & Light Co.*, 217 N.W.2d 221, 236 (Iowa 1974); *Elkader Cooperative Co. v. Matt*, 204 N.W.2d 873, 876 (Iowa 1973); *Sanford v. Nesbit*, 234 Iowa 14, 18, 11 N.W.2d 695, 697 (1943).

■ We visualize two situations on retrial in which Fischer could be charged with the knowledge necessary to trigger the duty to warn, assuming the introduction of the necessary substantial evidence. On this specification of negligence based on warning, we are dealing with common-law negligence—the duty of the ordinarily prudent person—not the statutory negligence in the first two negligence specifications. Under this specification, if Noel knew or in the exercise of reasonable care should have known that the substance released from the tire was hazardous to other persons using the street, if he had reasonable opportunity before the accident to give warning, and if in the exercise of reasonable care he should

have given warning and failed to do so, then the jury could find Fischer breached its duty to warn on the basis of what Noel knew or in the exercise of reasonable care should have known. In addition, Timmerman learned of the spill. If Timmerman knew or in the exercise of reasonable care should have known that the substance was hazardous to other persons using the street, if he had reasonable opportunity before the accident to give warning, and if in the exercise of reasonable care he should have given warning and failed to do so, then the jury could find Fischer breached its duty to warn on the basis of what Timmerman knew or in the exercise of reasonable care should have known.

We return the case to district court for retrial.

REVERSED.