Jeffrey Clark CARTER, Appellant,

v.

MacMILLAN OIL COMPANY, INC., Appellee.

No. 83–992.

Supreme Court of Iowa.

Sept. 19, 1984.

**54**

John R. Hearn, Des Moines, for appellant.

Michael F. Lacey, Jr., of Patterson, Lorentzen, Duffield, Timmons, Irish, Becker & Ordway, Des Moines, for appellee.

Considered by REYNOLDSON, C.J., and McCORMICK, McGIVERIN, CARTER, and WOLLE, JJ.

CARTER, Justice.

Plaintiff appeals from an order sustaining a motion for judgment notwithstanding the verdict following a jury verdict awarding him $10,500 in actual damages and $5000 in punitive damages in a malicious prosecution action. The trial court's ruling granting that motion was based on its conclusion that its instructions to the jury permitted recovery on an improper legal theory. In addition, the trial court sustained an alternative motion for new trial on the same ground. We hold that an incorrect legal theory was submitted to the jury, but that the proper remedy is a new trial rather than a judgment for defendant.

The plaintiff, Jeffrey Carter, was accused by defendant's employees of putting gasoline in his automobile at defendant's service station and driving away without paying. After station employees reported the alleged theft, plaintiff was arrested and charged with fifth-degree theft. At his trial, he testified that he had paid an attendant for the gasoline. He was later acquitted of the charge.

Plaintiff then filed the present action against defendant seeking recovery on three different theories: (1) abuse of process; (2) malicious prosecution; and (3) negligence in the instigation of the prosecution. The defendant did not deny that it had instigated the unsuccessful criminal prosecution. Following the presentation of evidence, the court submitted the case to the jury under instructions which permitted recovery on any one of the three legal theories upon which plaintiff relied. In addition, it gave the jury the substance of Iowa Bar Association uniform jury instruction 3.21 (civil) with respect to an award of punitive damages. The jury returned a verdict in favor of plaintiff for actual damages of $10,500 and punitive damages of $5000. In response to a special interrogatory, the jury indicated that it had allowed recovery on a theory of negligence in the instigation of the prosecution.

Following the jury's verdict, the trial court granted defendant's motion for judgment notwithstanding the verdict under Iowa Rule of Civil Procedure 243(b) on the ground that it had erred in instructing the jury that it could allow recovery on a theory of negligence in the instigation of the prosecution. Acting in conformance with Iowa Rule of Civil Procedure 248(a), *see Loudon v. Hill*, 286 N.W.2d 189 (Iowa 1979), the trial court also sustained defendant's alternative motion for new trial on the same ground.

I. *Defendant's Motion for Judgment Notwithstanding the Verdict and For New Trial.*

On appeal, plaintiff does not disagree with the trial court's conclusion that permitting recovery on a theory of negligence in the instigation of a prosecution is an improper enlargement upon the right of recovery for malicious prosecution. The elements for recovery on that theory are set forth in *Brody v. Ruby*, 267 N.W.2d 902, 904–05 (Iowa 1978). We agree with the trial court that to permit recovery on a theory of simple negligence in the instigation of a prosecution would be an unwarranted expansion of a plaintiff's right to recover on this type of tort claim.

Instead of challenging the legal conclusions upon which the trial court's ruling was made, the plaintiff argues that the evidence permitted recovery under a theory of malicious prosecution and that, in combination, the jury's verdict on the negligence theory coupled with its award of punitive damages serves to confirm a jury finding that all elements of a malicious prosecution claim had been established.

 We do not believe that we may interpolate the jury's findings in the manner suggested by plaintiff. Assuming that the evidence would sustain a claim for malicious prosecution, the jury did not return a verdict on that theory. Theories of recovery upon which the jury returned no finding or theories which were never submitted to the jury may not be utilized by the court in post-trial motions to resurrect a verdict based on improper grounds. *See, e.g., Goetzman v. Wichern,* 327 N.W.2d 742, 747 (Iowa 1982).

The trial court's ruling granting the motion for judgment notwithstanding the verdict and ordering the entry of judgment for defendant was based upon the theory that the defendant was entitled to a directed verdict on the negligent instigation claim and that the jury had resolved the abuse of process and malicious prosecution claims adversely to plaintiff. We agree with the former conclusion but not with the latter.

The latter conclusion was based on the jury's answers to a special interrogatory which indicated that recovery had only been permitted on a theory of negligence. Considering the form of that interrogatory, we cannot conclude that the jury, in indicating that recovery was allowed under one of the three legal theories submitted, was also expressing its view that recovery was not proper under the other two. The jury may have viewed the interrogatory as only requiring them to consider the case until they found a right of recovery under one of the three theories. For this reason, and because, in a subsequent part of this opinion, we find that the trial court's instructions on malice placed an improper burden on the plaintiff with respect to his malicious pros-

ecution theory, we conclude that the proper remedy is a grant of a new trial on the issues of malicious prosecution and abuse of process rather than a judgment for defendant.

II. *Issues on Retrial.*

Because the action must be retried, we consider additional issues raised in the appeal which relate to matters likely to arise again upon another trial.

A. *Rulings on Evidence.* Plaintiff contends that the trial court erred in several evidentiary rulings. He asserts that the trial court erred in sustaining relevancy objections to evidence that defendant had threatened to sue him for abuse of process if he commenced this action, that such a suit would have had no basis in law, that the employee of the defendant who accused him of theft was discharged for dishonesty, and that defendant had failed to recommend criminal prosecution in other instances where patrons of the same service station had left without paying. We find no merit in any of these claims.

 Each of these issues involves a question of relevancy upon which the trial court has a wide discretion in the matter of evidentiary rulings. Evidence is relevant if it renders the existence of a fact more probable or less probable with it than without it. *Briner v. Hyslop,* 337 N.W.2d 858, 869 (Iowa 1983); *Carson v. Mulnix,* 263 N.W.2d 701, 706 (Iowa 1978). Relevancy and materiality are matters of trial court discretion. *Shinrone, Inc. v. Tasco, Inc.,* 283 N.W.2d 280, 288 (Iowa 1979). A trial court has discretion to exclude relevant evidence when its probative value is substantially outweighed by confusion of issues or considerations of waste of time. *Kalianov v. Darland,* 252 N.W.2d 732, 736 (Iowa 1977).

 If the threat made to plaintiff with respect to the bringing of this action was improper, it should have been made the subject of an additional claim by plaintiff either by amendment to the present action or by the bringing of a separate action. It was not a matter embraced with-

in the issues of the present case. The discharge of the employee who accused the defendant, even if shown to have been based upon dishonesty, does not appear to be a proper element of impeachment under Iowa Rule of Evidence 608(b).

■ Plaintiff has not shown that the trial court's rulings excluding these items of evidence were an abuse of discretion. Nor was it an abuse of trial court discretion to exclude evidence that defendant had failed to recommend criminal prosecution in other instances where patrons had left without paying. The record discloses that those decisions were left to the discretion of individual station managers and that no company policy existed.

■ B. *Other Jury Instructions.* Two other issues involving the trial court's jury instructions may arise again upon retrial. Plaintiff asserts that the trial court's instruction on malicious prosecution was erroneous because it required the jury to find "actual malice" rather than "legal malice." We agree with this claim. The trial court's definition of malice in Instruction No. 9 was as follows: "An act is done 'with malice' when it is done with actual spite, hatred, or ill will, or with a wicked or unlawful purpose."

The jury should have been instructed in accordance with the elements of malice approved in *Vander Linden v. Crews*, 231 N.W.2d 904, 906 (Iowa 1975). We there said:

> What showing must be made to establish malice in an action for malicious prosecution depends on the status of the defendant. We have held in reviewing appeals from actions for malicious prosecution involving defendants who were not public officials that there is no burden on plaintiff to show ill-will, hatred or express malice on the part of the defendant, and that malice may be inferred from a lack of probable cause.

*Id.* at 906. The trial court's instruction on malice in the present action required the plaintiff to show ill will, hatred, or actual malicious intent and was therefore erroneous.

Plaintiff also contends that the trial court erred in failing to instruct the jury that his acquittal of the criminal charge constitutes a prima facie showing of a lack of probable cause for the instigation of the prosecution. Plaintiff asserts that he was entitled to such an instruction under Iowa State Bar Association uniform jury instruction (civil) 18.6 and our decisions in *Ashland v. Lapiner Motor Co.*, 247 Iowa 596, 75 N.W.2d 357 (1956) and *Sergeant v. Watson Bros. Transportation Co.*, 244 Iowa 185, 52 N.W.2d 86 (1952).

■ Uniform jury instruction 18.6, requested by plaintiff but not given, provides in relevant part:

> [a] favorable termination of the prosecution constitutes evidence that would support a finding by you that the criminal prosecution was without probable cause unless overcome by other evidence.

This instruction finds some support in the *Ashland* and *Sergeant* decisions. To the extent that this instruction and the cited decisions indicate that a prima facie showing or presumption of lack of probable cause for the prosecution arises where the party accused has been acquitted, such suggestion is now expressly disapproved. In *McCormick's Handbook of the Law of Evidence* section 342, at 803 (2d ed. E. Cleary 1972), the authors describe a prima facie case:

> [A]ssume that a party having the burden of producing evidence of a fact A introduces proof of fact B. The [trier of fact], using ordinary reasoning, may determine that fact A might reasonably be inferred from fact B, and therefore ..., as sometimes put by the courts, has made out a "prima facie" case.

But the existence of a prima facie showing based upon inferences to be drawn from facts proven depends upon whether the state of affairs sought to be established (here a lack of probable cause) may be usually and generally inferred from the facts shown. *Stenberg v. Buckley*, 245 Iowa 622, 627–29, 61 N.W.2d 452, 455–56

(1953); *Gilmer v. Neuenswander,* 238 Iowa 502, 506, 28 N.W.2d 43, 45 (1947).

Probable cause does not require certainty beyond a reasonable doubt that a crime is being or has been committed. *Children v. Burton,* 331 N.W.2d 673, 679 (Iowa 1983). Conviction of a criminal charge does require such certainty. We are convinced that the obvious difference in the standard of proof required to establish guilt beyond a reasonable doubt, as contrasted with probable cause, negates any logical basis for continuing to adhere to the substantive content of uniform instruction 18.6. The trial court correctly refused to instruct the jury in accordance with that uniform instruction.

We have considered all issues presented and for the reasons stated, we reverse the order of the trial court granting defendant's motion for judgment notwithstanding the verdict but affirm its alternative order granting a new trial on the issues of malicious prosecution and abuse of process.

AFFIRMED IN PART; REVERSED IN PART AND REMANDED.