OPINION OF THE COURT
Joseph D. Valentino, J.
The defendant, French Bunton, is charged with violating Vehicle and Traffic Law § 1219 (a) which prohibits throwing or depositing injurious substances on the highway. A nonjury trial was conducted before this court on January 24, 1985.
FINDINGS OF FACT
The following facts have been presented to this court: At approximately 11:15 a.m. on October 23, 1984, defendant Bun-ton was operating a truck on Route 490 westbound in the City of Rochester. The truck was filled with a “mud-like” substance which, according to witnesses, was dripping from the back of the truck as it traveled along Route 490.
An eyewitness account by Officer Thomas Sleep of the Brighton Police Department revealed the following facts: a small brown car, traveling in the center lane of Route 490 westbound, suddenly turned and was struck by another vehicle. The small brown car then collided with the concrete median strip and came to a stop. The officer testified that, at the point of impact, the road was covered with a large amount of debris, including straw, rocks, and a “mud-like” material. Officer Sleep further testified *163 that he saw a tractor trailer dump-style truck parked on the road’s shoulder further down Route 490 westbound.
Rochester Police Evidence Technician Theresa Fahrer and Rochester Police Officer Dale Schaeffer traced the debris for a distance of approximately four tenths of a mile from the beginning of the debris on the highway to the place where the dump truck was stopped. Photographs entered into evidence as well as further testimony by these witnesses indicated that the tailgate of the dump truck was partially open and a “mud-like” debris was coming out the back. The driver of the vehicle which collided with the small brown car testified that the “mud-like” substance was slippery and despite his attempts to slow his vehicle, his car slid into the driver’s door of the small brown car.
Upon approaching the dump truck and talking with its driver, defendant Bunton, Officer Schaeffer issued a ticket, citing defendant with a violation of Vehicle and Traffic Law § 1219 (a), “Depositing Injurious Substance on the Highway”.
CONCLUSIONS OF LAW
The issue in this case is whether the defendant’s conduct constitutes a violation of Vehicle and Traffic Law § 1219 (a). The defense argues that it does not. First, defendant claims that the “mud-like” substance left on the highway is not an “injurious” substance within the scope of the statute, and second, defendant claims that the substance was not “deposited” or “thrown” on the highway in a manner required by the statute.
Vehicle and Traffic Law § 1219 (a) reads: “No person shall throw or deposit upon any highway any glass bottle, glass, nails, tacks, wire, cans, snow or any other substance likely to injure any person, animal, or vehicle upon such highway.”
I. IS THE SUBSTANCE “INJURIOUS”?
Whéther the mud, grass and rocks which dripped from the defendant’s truck amounted to “an injurious substance” requires an examination of the statutory language, its legislative history, and relevant case law. The language of the statute is broad; while enumerating certain items in particular (e.g., glass, tacks, snow), it adds a catch-all phrase: “or any other substance likely to injure”. The 1957 Revision Note following the statute refers to “any material likely to injure the highway or users of the highway”. (Vehicle and Traffic Law § 1219,1957 Revision Note; emphasis added; see also, Joint Legis Comm on Motor Vehicle Problems, 1954 Legis Doc No. 36, at 110 [McKinney’s Cons Laws of NY, Book 62A, Vehicle and Traffic Law § 1219 (I960)].) *164 Clearly, a slippery “mud-like” substance is a material likely to injure the users of the highway.
A slight incongruity exists, however, in the same Revision Note which states the purpose of all three subdivisions is “to prevent materials having sharp edges or points from being left where it may puncture tires or injure people or animals”. (Joint Legis Comm, supra, at 110.) This language would appear to limit “injurious substances” to sharp objects, such as glass and tacks. Yet the statutory language includes “snow”, which is neither sharp nor pointed, and whose physical properties are very much like mud. The “catch-all phrase” in the statute also supports the notion that the statute is meant to be broader than the Revision Note suggests.
A review of the somewhat limited case law in the area reveals that violations of section 1219 have included mud on the roadway (Nielsen v City of New York, 38 AD2d 592), timbers obstructing the road (People v Troia, 207 Misc 463), as well as broken glass bottles (People v Schaub, 105 Misc 2d 704). The over-all weight of authority, then, suggests that the statute is meant to encompass any substance which may cause injury, and from the facts of the instant case, that is what the “mud-like” substance did.
II. WAS THE SUBSTANCE “DEPOSITED” ON THE HIGHWAY?
Whether the defendant “deposited” or “threw” the injurious substance onto the highway within the meaning of the statute can be determined by an examination of its legislative history.
Depositing an injurious substance on the highway is a strict liability offense. The State has the power to dispense with the “mens rea” element in defining a crime if it is necessary to do so in the public interest (see, People v Tracey A., 97 Misc 2d 1053, 1057). A reading of the 1957 Revision Notes reveals that the Legislature clearly intended to make Vehicle and Traffic Law § 1219 a strict liability statute, requiring no mental state to be pleaded or proven. (Joint Legis Comm, supra, at 110).
Vehicle and Traffic Law § 1219 was formerly covered by Penal Law former § 1434, which required “willful” conduct. Penal Law former § 1434 was repealed in 1957 and replaced with the current Vehicle and Traffic Law § 1219, which contains no mental state requirement whatsoever. The 1957 Revision Note states the revised law “makes the act of throwing or depositing such substances illegal without any reference to the subjective state of mind of the thrower” {id., at 110).
*165 By amending Penal Law former § 1434 to omit the term “willful”, the Legislature clearly intended to repeal the former requirement of willfulness (see McKinney’s Cons Laws of NY, Book 1, Statutes §§ 193, 194).
It thus appears that proof that the injurious substance came from defendant’s truck is enough to establish liability. There is no need to prove that the defendant willfully or knowingly put the substance on the highway; his subjective state of mind is irrelevant. “Depositing” or “throwing” an injurious substance, therefore, is just the mere act of doing it.
The mere fact that the defendant was driving a truck that deposited an injurious substance on the highway is sufficient.
This court therefore finds the defendant, French Bunton, guilty of the violation of Vehicle and Traffic Law § 1219 (a).