**Paul SCHMELING, Plaintiff-Appellant,**

**v.**

**Roger Kent OTT; Pulley Freight Lines, Inc.; and Northwestern Bell Telephone Company, Defendants-Appellees.**

No. 84–1887.

Court of Appeals of Iowa.

March 31, 1986.

Robert A. Nading, II, Ankeny, for plaintiff-appellant.

Thomas C. Farr of Peddicord & Wharton, Des Moines, for defendants-appellees Pulley Freight Lines, Inc. and Rogert Kent Ott.

L.R. Voights and James E. Gritzner of Nyemaster, Goode, McLaughlin, Emery & O'Brien, Des Moines, for defendant-appellee Northwestern Bell Telephone Co.

Heard by SCHLEGEL, P.J., and HAYDEN and SACKETT, JJ.

HAYDEN, Judge.

Plaintiff appeals an adverse judgment in lower court in this personal injury action in which the jury found plaintiff one hundred percent negligent and none of the defendants negligent. Plaintiff contends the trial court erred in: (1) not permitting plaintiff to present evidence of defendant North-

western Bell's alleged failure to notify its repair crews of the damaged telephone pole until one hour after plaintiff sustained his injuries; (2) not submitting plaintiff's specifications of negligence that defendant Northwestern Bell had a duty to use all due haste to remedy the dangerous condition and that defendant Pulley Freight Lines, Inc.'s truck driver, inter alia, had a duty to have his vehicle under control at all times and to reduce his speed at an accident scene; (3) refusing to instruct the jury as to certain rules of law having application to this case specifically concerning the facts in relation to proximate cause, custom, and practice, instrumentality, agency and imputed knowledge; (4) erroneously stating the law in instructions concerning duty to warn; and (5) allegedly providing a final draft of jury instructions to plaintiff's attorney, allowing plaintiff's attorney to begin his final arguments based on those instructions, then interrupting the arguments informing plaintiff's attorney a particular instruction would not be used. We affirm.

On December 11, 1979, the plaintiff in this action, Paul Schmeling, was injured while investigating the scene of an accident which occurred shortly after midnight.

Evidence indicates that a Ricky Lattimer drove his vehicle into a telephone pole on Johnson Court in Des Moines. The pole, owned by defendant Northwestern Bell, broke off at a location two to three feet above the ground. The broken section came to rest on the ground, but remained in an upright position supported by a telephone cable attached near the top of the pole. The cable was strung over Johnson Court and traffic on the road passed under the cable. By law, Northwestern Bell was required to maintain the cable at a height of eighteen feet; due to the accident, the cable hung lower than this required height.

Shortly after the accident, the Des Moines Police arrived and notified Iowa Power and Light Co., Northwestern Bell, and Schmeling of the accident.

Schmeling's duties were as an accident investigator. Upon his arrival, the police advised him that Bell had been notified and gave him information necessary to complete his report. Schmeling testified that, at the time, he did not perceive that the lowered telephone cable presented a hazard to traffic.

Shortly thereafter, Roland Starbuck, a Bell cable maintenance supervisor, arrived at the scene. He examined the cable and concluded that it was "questionable" for clearances. Although he did not measure the height of the cable, Starbuck indicated that he thought it was quite possible trucks would have problems with it. Schmeling claims that Starbuck never warned anyone of the potential danger of the lowered cable, although this is disputed in the record.

Before leaving the scene, Starbuck contacted Clarence Jackson, the supervisor for the line crew with the necessary equipment to replace the pole. Jackson proceeded to the scene, viewed the damage, and then left. Apparently, Schmeling did not see or speak to Jackson.

At approximately 1:10 a.m. defendant Roger Ott was driving a truck pulling a thirteen-foot high trailer belonging to defendant Pulley Freight Lines, Inc. As he proceeded slowly down Johnson Court the top of the trailer struck the low-hanging cable causing the attached telephone pole to strike Schmeling's left hip shattering it. Evidence showed Schmeling suffered a ten percent permanent physical impairment to his lower left extremity with his left leg permanently shorter than the right due to his injuries.

Schmeling subsequently filed this action naming Roger Ott, Ott's employer, and Northwestern Bell as defendants. The case proceeded to trial in September 1984. The jury returned a verdict denying any recovery to Schmeling. Schmeling has appealed this result.

Our review of this law action is on assigned error. Iowa R.App.P. 4.

## I.

■ Prior to trial, Northwestern Bell filed a motion in limine to exclude evidence

of repair activities occurring after Schmeling's injury. Bell argued that anything that occurred after the second injury would not be relevant and could be prejudicial to the defense. It was stipulated by the telephone company that the necessary crew from the telephone company had not been notified at the time Schmeling was injured. Relying on this stipulation, the trial court sustained the motion in limine.

As an offer of proof, Schmeling called Charles Clark, a Northwestern Bell employee, to testify. Clark stated that Clarence Jackson did not notify him that repairs were necessary until 2:00 a.m., almost an hour after Schmeling was injured. Due to the motion in limine, this evidence was not presented at trial.

On appeal Schmeling argues that the trial court erred in not permitting him to present evidence concerning when the telephone crew was notified. He claims that such evidence was relevant to the specifications of negligence. We disagree.

The basic test of relevancy is whether the challenged evidence makes the desired inference more probable than it would be without the evidence. *Carter v. MacMillan Oil Co., Inc.*, 355 N.W.2d 52, 55 (Iowa 1984). This determination is within the trial court's discretion. *Id.* A trial court also has the discretion to exclude relevant evidence when its probative value is outweighed by its prejudicial effect. *Id.* We reverse for abuse of discretion only when such discretion was exercised "on grounds or for reasons clearly untenable or to an extent clearly unreasonable." *Rowen v. LeMars Mutual Insurance Co. of Iowa*, 357 N.W.2d 579, 583 (Iowa 1984).

In the present case, we find no abuse of discretion. The only relevant inquiry is whether Bell, in the exercise of ordinary care, should have inspected and remedied the situation *before* the plaintiff was injured. What the telephone company did or failed to do thereafter has no bearing on the question of whether the accident involving Schmeling could have been avoided; it would not make any fact of consequence more or less probable.

Schmeling was at liberty to introduce evidence concerning Bell's conduct between the first and second accident. Anything that happened beyond this point was irrelevant and appropriately excluded by the trial court. We therefore affirm on this issue.

## II.

■■ Schmeling also argues that the trial court improperly instructed the jury concerning the telephone company's duty to repair the damaged cable and pole. Instruction 23 provided that Northwestern Bell had a duty to inspect its lines and poles and remedy defects or dangerous conditions within a reasonable time. Schmeling cites us to *Claussen v. Cumberland Telephone & Telegraph Co.*, 126 La. 1087, 53 So. 357 (La.1910), and claims that a utility company has a duty to use "all due haste" to remedy dangerous conditions. We decline to adopt this standard.

■■ In considering whether Bell acted in a reasonable time, the jury would properly take into account the surrounding circumstances, including the hazardous nature of the fallen cable. If the jury found the situation was extremely dangerous and required immediate attention, the telephone company would have a duty to act with some haste in remedying the problem. By the very nature of the facts, the length of time considered reasonable under the circumstances would be much shorter than it would be in a less dangerous situation. In essence, a reasonable time standard allows consideration of the immediacy of the danger. We see no reason to judicially impose the elevated duty of acting in all due haste.

## III.

In his third assignment of error, plaintiff claims the court erred in failing to instruct the jury on several specifications of negligence concerning Northwestern Bell. Specifically, Schmeling argues that evidence supported instructions on the "last clear chance" doctrine, the custom and practice of utility workers to warn police officers of

dangers, imputing knowledge of the employee to the employer, and the City's right to assume Northwestern Bell would exercise due care.

We have reviewed Schmeling's requested instructions and find no reversible error.

■ Parties to a lawsuit have a right to have their legal theories submitted to a jury so long as they are supported by substantial evidence in the record. *Carter v. Wiese Corp.*, 360 N.W.2d 122, 132 (Iowa Ct.App.1984). A mere scintilla of evidence is not sufficient. *Nolte v. Case*, 221 N.W.2d 741, 745 (Iowa 1974). Schmeling's claims concerning Northwestern Bell's "last clear chance" to avoid the accident and the custom of utility workers to warn police officers of hazards are not supported by evidence in the record and do not satisfy this standard.

■ We also find that the failure to give the requested instruction on imputing knowledge of the employee to the employer did not prejudice the plaintiff. There was no dispute in the record regarding the telephone company's knowledge of the fallen cable. The two supervisors at the scene of the accident were the very persons who had the responsibility for repairs and warning of dangers. In essence, the only issues of consequences were whether, given the knowledge of the hazardous condition, Bell breached a duty of making timely repairs or a duty to warn. The jury was instructed that the telephone company was vicariously liable for the negligence of its employees. Under the facts of this case, we deem this to be sufficient.

■ Finally, Schmeling's requested instruction concerning the City's right to rely on Northwestern Bell's exercise of due care is not an accurate statement of the law.

The jury was instructed that if plaintiff "knew or in the exercise of reasonable care should have known of the dangers, if any, presented by the telephone wire as it crossed Johnson Court and if thereafter he did not exercise reasonable care to provide sufficient warning of the condition or did not take reasonable action to control traffic" then he would be considered negligent.

Schmeling relies on *Armstrong v. Waffle*, 212 Iowa 335, 236 N.W. 507 (1931), and claims the jury also should have been instructed:

[I]f the Defendant, Northwestern Bell Telephone Company, knew or should have known that its telephone cable created a hazard to the traveling public and that said Defendant either impliedly or expressly communicated to agents or officers of the City of Des Moines that said hazard would be remedied then no negligence can be attributed to agents or officers of the City of Des Moines.

We disagree.

Initially, we point out that *Armstrong* did not stand for this proposition. In *Armstrong*, a property owner cut down a tree which was located next to a city street. *Id.* at 337, 236 N.W. at 508. The tree fell on a pedestrian, injuring him. *Id.* at 338, 236 N.W. at 509. While the City had notice of the property owner's actions, the supreme court indicated that the City had no duty to police the street at the time the tree was felled. *Id.* at 348–50, 236 N.W. at 513–14. Rather, the City had a right to assume the owner would exercise due care to prevent injuries to pedestrians. *Id.* at 343, 236 N.W. at 511.

These principles are inapplicable to the present fact situation. Unlike in *Armstrong*, Northwestern Bell did not create a potentially hazardous condition. Rather, the fallen cable was the result of an independent cause and triggered mutually exclusive duties owed by the City and Northwestern Bell. The telephone company had a duty to make timely repairs and to warn of any potential dangers. However, the performance or breach of these duties does not in any way affect the City's duty to control and/or reroute traffic. As the jury was instructed, the responsibility of controlling traffic rests solely with the City; it cannot be excused by the telephone company's actions. Since plaintiff's requested instruction indicates to the contrary, we con-

clude that it was appropriately rejected by the trial court.

## . IV.

Plaintiff also contends that the jury instruction on the telephone company's duty to warn was an incorrect statement of law.

The relevant instruction provided that Bell had no duty to warn "against dangers that were obvious, reasonably apparent, or as well known to the plaintiff as they were to the Defendant." It further provided that if the plaintiff knew or should have known of the danger, Northwestern Bell was not negligent. We disagree with Schmeling's claim that these statements are erroneous.

The duty to warn is dependent upon superior knowledge. *Krueger v. Noel*, 318 N.W.2d 220, 225 (Iowa 1982). "It arises when one may reasonably foresee danger of injury or damage to one less knowledgeable unless forewarned of the danger." *Id.* If the danger is obvious or the parties have equal knowledge, there is no duty to warn. The warning instruction given by the trial court accurately reflects these principles. We find no reversible error.

## V.

Plaintiff's fifth assignment of error concerns the trial court's withdrawal of an instruction during jury arguments.

Prior to closing arguments, a discussion was had by counsel and the court concerning jury instructions. The trial court expressed some reservations about an instruction on the last clear chance doctrine, but did not determine at that time whether the instruction would be included. At some point the court apparently determined that the instruction should not be given. However, it was inadvertently included in the final draft of jury instructions provided to the parties.

During plaintiff's closing argument, the court discovered that the instruction had been erroneously included. At that time, plaintiff's argument was interrupted, trial counsel were called to the bench, and the court advised them that the instruction would not be given.

While no objection was made at trial, plaintiff claims on appeal that he was prejudiced by the untimely withdrawal of the jury instruction. We need not reach the merits of this contention since error was not preserved. However, we do point out that pursuant to Iowa Rule of Civil Procedure 196, the court is required to give the parties a copy of the instructions in their *final* form before jury arguments. When this rule is not complied with, prejudice will be presumed. *See Parkhurst v. White*, 254 Iowa 477, 482, 118 N.W.2d 47, 50 (1962). As such, we urge the courts to carefully review instructions to ensure that they are in their final form prior to providing a copy to the parties. In doing so, the dilemma presented in the present case can be avoided.

## VI.

Our final task is to consider Schmeling's allegations of error concerning his claims against Roger Ott, the driver of the truck which hit the cable.

The jury was instructed to consider whether Ott was negligent in failing to keep a proper lookout. Schmeling claims that two additional instructions should have been given, both concerning the rate of speed at which Ott was traveling. We disagree.

As we have indicated, parties to a lawsuit have a right to have their legal theories submitted to a jury so long as they are supported by substantial evidence in the record. *Carter v. Wiese Corp.*, 360 N.W.2d 122, 132 (Iowa Ct.App.1984). A mere scintilla of evidence is not sufficient. *Nolte v. Case*, 221 N.W.2d 741, 745 (Iowa 1974).

In the present case, this standard has not been satisfied. Ott testified that he reduced his speed and stopped his truck next to a police car. He then proceeded at a rate of 3 to 4 miles per hour until he struck the cable. This testimony was not disputed in the record. Therefore, we find no error

in not submitting the instructions requested by Schmeling. A jury question was not generated by the evidence and any instructions concerning speed would have been improper.

Since plaintiff has not demonstrated any reversible error, we affirm in all respects.

AFFIRMED.

SACKETT, J., concurs.

SCHLEGEL, P.J., dissents.

SCHLEGEL, Judge (dissenting).

I respectfully dissent. I would reverse the trial court's refusal to allow evidence of the time of the notification of the need for repair of the damaged pole. The majority assumes that the requirement for such notice would not have affected the accident. The delay may well have been evidence of negligence on the part of Bell. It was not offered in order to show prejudice by immaterial facts.

I also believe there is sufficient evidence to submit the issue of Ott's speed to the jury. In the state of the record, it is apparent that Ott felt concern for the height of the cable, when he stopped prior to his attempt to traverse the area. As it turned out, travelling at any speed, especially with his concern, was negligence. Ott looked at the situation (lookout), but having done so, should have pulled his unit up to the cable without travelling under it. Had he done so, the accident would not have happened. His negligence was proceeding at any speed under the circumstances he has shown to have known.

I would reverse as to Bell and as to Ott.